■ In the Matter of LEE I., a Person Alleged to be Incapacitated, Appellant. EDWARD G. MURPHY, as President and Chief Executive Officer of SETON HEALTH SYSTEM, Respondent; ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, as Guardian of the Person and Property of LEE I., et al., Respondents. [697 NYS2d 385] —Mercure, J. P. Appeal from an order and judgment of the Supreme Court (Ceresia, Jr., J.), entered June 10, 1997 in Rensselaer County, which, *inter alia*, granted petitioner's

application, in a proceeding pursuant to Mental Hygiene Law article 81, for the removal of respondent's guardian and the appointment of a new guardian.

By order and judgment dated June 11, 1996, respondent was determined to be an incapacitated person and his son was appointed guardian of his person and property. In January 1997, petitioner moved for an order pursuant to Mental Hygiene Law § 81.35 removing respondent's son as guardian and appointing another to serve in that capacity. Respondent's son did not oppose the application, but respondent cross-moved for an order pursuant to Mental Hygiene Law § 81.36 discharging the guardian or, alternatively, modifying the guardian's powers. Following a hearing conducted on April 25, 1997, Supreme Court granted the motion, appointing the Albany County Department of Social Services as guardian of respondent's person and property, and denied the cross motion. Respondent appeals.

We affirm. Initially, we reject the contention that, based on the evidence adduced at the fact-finding hearing, Supreme Court erred in dismissing respondent's cross motion. An affidavit submitted by Steven Rappaport, a physician who examined respondent on February 27, 1997, indicated that, although oriented to person, time and place, respondent was unable, after the passage of but two minutes time, to remember any of three words that had been given him, that respondent refused to get out of bed and bathed only after being repeatedly requested to do so, and that respondent is taking numerous medications, which he would not remember to take if he was not in an appropriate environment, probably a nursing home. A. Troitino, a physician appointed to give an independent medical evaluation, reported that at the time he examined respondent on April 21, 1997, respondent knew the date to be April 21 but believed that the year was 1967 and that the present President was Jimmy Carter, who came from Nebraska. Troitino concluded that, although respondent was ambulatory and his medical problems had been successfully treated, respondent demonstrated signs and symptoms of mild to moderate dementia, causing him to question whether respondent could live independently.

The testimony of Vance Marsett, a registered nurse who attended to respondent at a Seton Health System facility, confirmed Rappaport's observations concerning respondent's refusal to get up and walk about, although able to do so. Marsett also testified that respondent "overestimates how well he could function at home alone * * * [and needed] someone to

manage his medications and to make sure [that] he physically cares for himself". Kim Swire, the Director of Social Work Services for Seton, testified concerning respondent's ability to manage his own property. Notably, she stated that respondent owed petitioner over $200,000 and that no arrangements had been made for payment. She also testified that, although respondent expressed an interest in purchasing a mobile home and having someone care for him after his discharge, he had no assets with which to do so.

In our view, the foregoing evidence satisfied petitioner's burden of establishing by clear and convincing evidence that respondent remained unable to provide for his personal needs and to manage his affairs (*see*, Mental Hygiene Law § 81.36 [d]; Law Rev Commn Comments, reprinted McKinney's Cons Laws of NY, Book 34A, following Mental Hygiene Law § 81.36, at 439; *see also*, *Matter of Donald F. L.*, 242 AD2d 536). Accordingly, we conclude that Supreme Court did not err in dismissing the cross motion.

As a final matter, we reject the contention that Supreme Court abused its discretion in receiving the testimony of the court evaluator. Contrary to respondent's argument, the court evaluator's role is not equivalent to that of counsel for the person alleged to be incapacitated. Rather, it was the court evaluator's responsibility to "aid the court and [respondent] to understand the facts and circumstances and to make recommendations to the court" (*Marquez v Presbyterian Hosp.*, 159 Misc 2d 617, 623, n 3; *see*, Mental Hygiene Law § 81.09; Law Rev Commn Comments, reprinted McKinney's Cons Laws of NY, Book 34A, following Mental Hygiene Law § 81.09, at 308; § 81.10, at 317).

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, without costs.