■ In the Matter of ALEXANDRE PENSON, Also Known as SACHA PENSON, an Incapacitated Individual, Respondent. EDWARD I. PENSON et al., Appellants. [735 NYS2d 51] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 31, 2001, which, in a proceeding pursuant to Mental Hygiene Law article 81, *inter alia*, restored respondent to capacity status and directed that appellant trustees transfer the corpus of the New York trust to two new Florida trusts created by respondent, subject to specified reserves, unanimously modified, on the facts, to increase the reserve for trust liabilities, including potential attorneys' fees and disbursements, from $200,000 to $350,000, and to create a reserve of $168,000 for respondent's father's claim for reimbursement of certain health care expenses, and otherwise affirmed, without costs.

Respondent was properly restored to capacity status upon a record establishing that he lives independently with his wife in Florida, understands his limitations, and has sought the assistance of an attorney and financial professionals in formulating a financial plan that both secures his future and provides him with a degree of self-determination and participation in the decisions affecting his life (*see*, Mental Hygiene Law §§ 81.01, 81.36 [a] [1], [4]; [d]; *see*, *Matter of Maher*, 207 AD2d 133, 142, *lv denied* 86 NY2d 703; *Matter of Crump*, 230 AD2d 850). In addition, under the particular circumstances herein, where the interim guardian supported discharge, the court questioned respondent under oath, and appellants' counsel did not ask to question respondent and were given an opportunity to fully express their views, the proceedings before the court, together with its consideration of the trust documents and subsequent medical submissions, met the necessary minimal threshold for purposes of the hearing requirement of Mental Hygiene Law § 81.36 (c). Further detail about respondent's limitations that medical testimony might have provided could not have altered the basic finding that respondent is no longer incapacitated

and is able to manage his financial affairs under the plan he proposed (see, Mental Hygiene Law § 81.01). Having terminated the guardianship, the hearing court properly directed that the New York trust, created as an instrumentality of the guardianship, be turned over to the two Florida trusts created by respondent (Mental Hygiene Law § 81.36 [e]). However, appellants' requests to retain additional reserves should have been granted since the trust assets are being distributed prior to approval of the accounting, appellants' claims appear to be of some merit, and there is no indication that the additional reserves requested will render respondent unable to meet his immediate needs from the income available to him. We have considered appellants' other arguments and find them unavailing. Concur—Tom, J. P., Andrias, Ellerin and Wallach, JJ.