■ In the Matter of REBECCA PERL, Appellant, for the Appointment of a Guardian of the Property of SHARI PERL, an Alleged Incapacitated Person. MARTIN EVANS, Respondent. [910 NYS2d 52]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 27, 2009, which, to the extent appealed from as limited by the briefs, denied the petition to terminate the guardianship of the property of petitioner's daughter, Shari Perl, or, in the alternative, to remove respondent guardian for cause, unanimously affirmed, without costs.

The court's finding that Shari continues to require a property guardian is amply supported by Shari's testimony, respondent's testimony, and the testimony of a court-appointed psychiatrist, who concluded that Shari has a "cognitive deficit" that may not impair her ability to manage many "every day issues" but renders her "deficient" in making "more major decisions that involve planning and forward thinking" (*see* Mental Hygiene Law § 81.36 [a] [1]). The testimony established that, while Shari

is able to handle her considerable monthly allowance, she is vulnerable to exploitation and is not prepared to manage the entirety of her wealth.

Petitioner failed to present any ground for removing respondent as Shari's property guardian (*see* Mental Hygiene Law § 81.35). The evidence established that respondent acted diligently to safeguard Shari's property and that the degree of independence he afforded Shari was consistent with the terms of the guardianship order and with Shari's functional level. Any deficiencies in respondent's filing of annual accounts were relatively minor, did not prejudice Shari's property interests, and in any event could be remedied in ways other than removing him as guardian (*see Matter of Gustafson*, 308 AD2d 305, 308 [2003]). Further, respondent's retention of his firm in his capacity as trustee of a trust of which Shari is a beneficiary does not violate the rule prohibiting a guardian from appointing his firm as counsel (22 NYCRR 36.2 [c] [8]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Román, JJ.