■ In the Matter of DEBORAH P., Appellant. MARIE F., Respondent. [18 NYS3d 710]—

In a proceeding pursuant to Mental Hygiene Law article 81, the alleged incapacitated person, Deborah P., appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Murphy, J.), dated August 1, 2014, which, after a hearing, denied her motion to terminate the guardianship of her property, determined that she was an incapacitated person, and appointed the Family Service Society of Yonkers as the new guardian of her property.

Ordered that the order and judgment is reversed, on the facts and in the exercise of discretion, without costs or disbursements, Deborah P.'s motion to terminate the guardianship is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

In 2006, the appellant, Deborah P., consented to the appointment of her sister, Marie F., to serve as her guardian under

Mental Hygiene Law article 81 for the limited purpose of establishing and funding a supplemental needs trust. The supplemental needs trust would be funded with the proceeds from the sale of the appellant's house. The Westchester County Department of Social Services (hereinafter DSS) had a Medicaid lien of approximately $60,000 against the appellant, but the supplemental needs trust would protect the corpus from the lien.

Approximately eight years after Marie F.'s appointment as guardian, the appellant filed a petition to terminate the guardianship alleging, inter alia, that she was fully capable of managing her own finances and that Marie F. complained of being "overextended," did not want to be a guardian any longer, and the arrangement was causing a strain on their relationship. The Supreme Court held a hearing at which the appellant and Marie F. testified. Marie F. asked to be removed from her position as guardian, but she opposed terminating the guardianship and requested that a new guardian be appointed. Neither DSS nor the court-appointed examiner opposed the termination of the guardianship. The Supreme Court accepted the resignation of Marie F. and removed her as guardian, but the court determined, inter alia, that the appellant was an incapacitated person within the meaning of Mental Hygiene Law § 81.02, appointed the Family Service Society of Yonkers as the new guardian of her property, and denied her motion to terminate the guardianship.

"Mental Hygiene Law article 81 confers upon the court the discretion to determine whether a guardian should be appointed for an alleged incapacitated person" (*Matter of Samuel S. [Helene S.]*, 96 AD3d 954, 957 [2012]; *see* Mental Hygiene Law art 81). "In exercising its discretion to appoint a guardian for an individual's property . . . , a court must make a two-pronged determination: first, that the appointment is necessary to manage the property or financial affairs of that person, and, second, that the individual either agrees to the appointment or that the individual is 'incapacitated' as defined in Mental Hygiene Law § 81.02 (b)" (*Matter of Maher*, 207 AD2d 133, 139-140 [1994], quoting Mental Hygiene Law § 81.02 [a]; *see Matter of Samuel S. [Helene S.]*, 96 AD3d at 957). A person is incapacitated when the person is likely to suffer harm because: (1) the person is unable to provide for property management, and (2) the person cannot adequately understand and appreciate the nature and consequences of such inability (*see* Mental Hygiene Law § 81.02 [b]). A determination that a person is incapacitated under the provisions of Mental Hygiene

Law article 81 "must be based on clear and convincing evidence" (Mental Hygiene Law § 81.12 [a]). When a party seeks to terminate a guardianship, "the burden of proof shall be on the person objecting to such relief" (Mental Hygiene Law § 81.36 [d]).

Here, although Marie F. wished to be removed as guardian, she was the only person who objected to the termination of the guardianship position and asked the Supreme Court to appoint a new guardian. However, Marie F. failed to meet her burden of proving by clear and convincing evidence that the appellant was incapacitated. The hearing testimony demonstrated that the appellant managed her own checking account, paid bills relating to her apartment with her social security disability income, and was taking steps to challenge the Medicaid lien. While the appellant was currently unemployed, she holds a Master's degree and testified that she was "interviewing consistently." Although Marie F. testified that the appellant had delusions and difficulty maintaining employment, her testimony was vague, unsupported by additional evidence, and did not rise to the level of clearly and convincingly demonstrating the appellant's inability to provide for property management and a lack of understanding about the nature and consequences of such inability. Similarly, although Marie F. testified as to the appellant's spending habits, she failed to sufficiently demonstrate that the appellant's expenditures over the years were wasteful and thereby indicative of an inability on the part of the appellant to provide for her own property management and understand her budgetary constraints.

Since the record does not contain clear and convincing evidence that the appellant was unable to manage her finances or understand and appreciate her limitations, the Supreme Court erred in determining that the appellant was incapacitated, appointing a new guardian of her property, and denying her motion to terminate the guardianship. We note, however, that we do not pass on the issue of the continuing validity of the supplemental needs trust, separate and apart from the guardianship, as this issue was not fully adjudicated below or raised on appeal.

In light of the above, the appellant's remaining contention has been rendered academic.

In light of our determination to reverse the order and judgment, we remit the matter to the Supreme Court, Westchester County, for further proceedings to effectuate the termination of the guardianship, including, among other things, the filing of a final report and accounting of the guardian regarding the ap-

pellant's financial affairs (*see* Mental Hygiene Law § 81.33). Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.