Matter of Raphael R. (2019 NY Slip Op 00443)





Matter of Raphael R.


2019 NY Slip Op 00443


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04758
 (Index No. 100072/10)

[*1]In the Matter of Raphael R. (Anonymous), appellant. Roberto Lopez, respondent.


Jonathan Strauss, New York, NY, for appellant.
Newman Ferrara LLP, New York, NY (Lucas A. Ferrara and Ricardo M. Vera of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Raphael R. appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 21, 2018. The order, insofar as appealed from, denied, after a hearing, the motion of Raphael R. to terminate the guardianship.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, Raphael R.'s motion to terminate the guardianship is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In 2010, shortly after Raphael R. turned 18 years old, Raphael R.'s mother commenced the instant proceeding pursuant to Mental Hygiene Law article 81 seeking the appointment of a guardian to manage certain structured settlement funds awarded to Raphael R. pursuant to an infant compromise order stemming from a medical malpractice action. After conducting a hearing, the Supreme Court determined that Raphael R. was incapacitated within the meaning of Mental Hygiene Law article 81 and subsequently appointed a guardian to manage the settlement funds.
Approximately six years later, Raphael R. moved to terminate the guardianship. After conducting a hearing at which the guardian appeared in opposition to the motion, the Supreme Court denied the motion. Raphael R. appeals.
Pursuant to Mental Hygiene Law article 81, a court may appoint a guardian for a person upon a determination "that the appointment is necessary . . . to manage the property and financial affairs of that person . . . and . . . that the person is incapacitated" (Mental Hygiene Law § 81.02[a][1], [2]). The determination of incapacity must "be based on clear and convincing evidence . . . that a person is likely to suffer harm because . . . the person is unable to provide for . . . property management . . . and . . . cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02[b][1], [2]). Pursuant to Mental Hygiene Law § 81.36(a)(1), "[t]he court appointing the guardian shall discharge such guardian . . . if it appears to the satisfaction of the court that . . . the incapacitated person has become able to exercise some or all of the powers necessary to provide for . . . property management which the guardian is authorized [*2]to exercise," with the burden of proof on the person, if any, objecting to such relief (see Mental Hygiene Law § 81.36[d]).
Here, contrary to the Supreme Court's determination, the record does not contain clear and convincing evidence that Raphael R. remains incapacitated and in need of a guardian to manage his financial affairs (see Matter of Deborah P. [Marie F.], 133 AD3d 602, 604; cf. Matter of Perl [Evans], 77 AD3d 525, 525-526; Matter of Lee I., 265 AD2d 750, 752). Accordingly, the Supreme Court should have granted Raphael R.'s motion to terminate the guardianship (see Matter of Deborah P. [Marie F.], 133 AD3d at 604; Matter of Penson, 289 AD2d 155, 155; cf. Matter of Perl [Evans], 77 AD3d at 525-526; Matter of Lee I., 265 AD2d at 752).
In light of our reversal, we remit the matter to the Supreme Court, Kings County, for further proceedings to effectuate the termination of the guardianship (see Mental Hygiene Law § 81.33).
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court