Matter of Banks (Wilson C.) (2021 NY Slip Op 05284)





Matter of Banks (Wilson C.)


2021 NY Slip Op 05284


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 500090/16 Appeal No. 14298 Case No. 2019-05117 

[*1]In the Matter of Steven Banks, as the Commissioner of Social Services of the City of New York, Petitioner, For the Appointment of a Guardian of the Personal Needs and Property Management of Wilson C., a Person Alleged to be Incapacitated, Respondent-Appellant. Selfhelp Community Services, Inc., Nonparty-Respondent.


Marvin Bernstein, Mental Hygiene Legal Service, New York (Margo Flug of counsel), for appellant.
The Law Offices of Jordi Fernandez, New York (Jordi Fernandez of counsel), for respondent.



Order, Supreme Court, New York County (Lillian Wan, J.), entered on or about June 3, 2019, which, after a hearing, denied appellant's motion to terminate the guardianship of his personal needs and granted nonparty Selfhelp Community Services, Inc.'s (Selfhelp) cross motion, in effect, to re-adjudicate appellant to be an incapacitated person in need of a guardian to manage his property and be reappointed as the property management guardian, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the matter remitted for further proceedings consistent herewith.
On this record, Selfhelp failed to establish, by clear and convincing evidence, that appellant remains incapacitated so as to require guardianship over his personal needs and property management (see Mental Hygiene Law §§ 81.02, 81.36[d]; Law Rev Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.36; Matter of Carolyn S. [Gaylor], 192 AD3d 1114, 1115-1116 [2d Dept 2021]; Matter of Deborah P. [Marie F.], 133 AD3d 602, 603-604 [2d Dept 2015]).
Although Selfhelp made clear at the hearing that it does not believe that appellant can or will successfully defend himself in a pending landlord/tenant case, and may possibly face eviction as a result, "[a] precarious housing situation . . . do[es] not, without more, constitute proof of incapacity such that a guardian is warranted . . ." (Matter of David C., 294 AD2d 433, 434 [2d Dept 2002]; see generally Matter of Grinker [Rose], 77 NY2d 703 [1991]).
"Similarly, proof of mental illness alone does not establish incapacity" (Matter of Banks [Richard A.], 64 Misc 3d 191, 199 [Sup Ct, NY County 2019, Wan, J.]; see Rivers v Katz, 67 NY2d 485, 494 [1986]). Here, because Selfhelp offered scant, uncorroborated testimony as to appellant's present mental health, it failed to establish, by clear and convincing evidence, that its guardianship over appellant remained warranted (see
Matter of Fritz G., 164 AD3d 503, 503-504 [2d Dept 2018]; see also Matter of Deborah P., 133 AD3d at 604; see generally Matter of Raphael R. [Lopez], 168 AD3d 947, 948 [2d Dept 2019]).
We have considered Selfhelp's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021