Matter of Noah K. v R. K. (2023 NY Slip Op 03546)

Matter of Noah K. v R. K.

2023 NY Slip Op 03546

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Index No. 200125/18 Appeal No. 565 & M-1847 Case No. 2022-05072 

[*1]In the Matter of Noah K., Petitioner-Appellant,
v
R. K., Respondent-Respondent.

Noah K., appellant pro se.
Marvin Bernstein, Mental Hygiene Legal Service, New York (Diane Goldstein Temkin of counsel), for respondent.

Order, Supreme Court, New York County (Ta-Tanisha James, J.), entered on or about April 11, 2022, which denied petitioner's motion to remove the guardian and vacate a prior order, same court and Justice, dated October 19, 2021, granting the guardian's motion to engage in Medicaid financial planning on behalf of respondent R.K., the Person in Need of a Guardian, unanimously affirmed, without costs.
Petitioner, R. K.'s older son, failed to present a viable ground under Mental Hygiene Law § 81.35 to remove the guardian of R. K.'s person and property. Petitioner's allegations of misconduct are either conclusory or concern minor inconsistencies in the guardian's accountings that have not prejudiced R. K.'s interests and do not warrant the guardian's removal (see Matter of Perl [Evans], 77 AD3d 525, 525-526 [1st Dept 2010]). Two court examiners concluded that R. K.'s finances were well managed by the guardian, and R. K. who had previously been deemed to have capacity to consent to the guardianship and nominated her younger son as guardian, has expressed continuing satisfaction with her guardian's services, as does R. K.'s daughter.
We agree that the court had enough information to decide against the guardian's removal without holding a testimonial hearing (see Matter of Edgar V.L., 214 AD3d 501, 513 [1st Dept 2023]). To the extent petitioner argues that R. K.'s wishes cannot be credited in the absence of a determination of her capacity, we note that this issue is not properly before us, as petitioner did not request a new determination of R. K.'s capacity when he sought her guardian's removal (see Matter of Buffalino [James D.], 39 Misc 3d 634, 639 [Sup Ct, Suffolk County 2013]).
The court properly declined to vacate the prior order permitting the guardian to engage in Medicaid planning by setting up trusts on behalf of R. K. and make certain transfers. Contrary to petitioner's contention, this order was not an expansion of the guardian's powers, nor did the order allow the guardian to indiscriminately "self-gift" from trust assets. The terms of the trust clearly dictate how trust assets are to be distributed. Further, petitioner's fears that the order permits R. K. to be permanently placed in a nursing home are unfounded (see Mental Hygiene Law § 81.22[a] [9]; Matter of Drayton v Jewish Assn. for Servs. for the Aged, 127 AD3d 526, 528 [1st Dept 2015]). Similarly, we see no reason to reverse the court-ordered transfer of R. K.'s fractional ownership in California property to her daughter, who lives in the
house. This transfer would facilitate Medicaid planning and is in accordance with
R. K.'s wishes (see Mental Hygiene Law § 81.21[a][1]).
We have considered petitioner's remaining arguments and find them unavailing. M-2023-01847 — Matter of Noah K. v R.K.
Motion to change the caption to proceed with respondent's initials, R.K. rather than her full name, granted, and the caption amended to In the Matter of Noah K. v R.K.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023