■ In the Matter of HARRIET R., Appellant. MARSHA RIMLER, Respondent. [639 NYS2d 390] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of the appellant, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated April 4, 1995, which, *inter alia,* adjudged the appellant to be a person requiring the appointment of a guardian of her person and property.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The appellant is a 37-year old morbidly obese woman who, among other things, cannot walk without assistance, requires help with toileting and bathing, is confined to a bed, and requires assistance to get in and out of bed. Numerous home care agencies have refused to provide the appellant with necessary care due to her repeated verbal abuse, her refusal to allow such care, and the deplorable living conditions in her apartment, such as vermin and roach infestation. The appellant frequently develops rashes between the folds of her skin, requiring each fold to be lifted, cleaned, dried, and creamed.

The appellant contends that although the respondent provided clear evidence that the appellant is physically limited by her obesity, the respondent failed to prove that the appellant lacks the understanding or appreciation of the nature and consequences of her limitations (*see,* Mental Hygiene Law § 81.02 [b] [1], [2]). This contention is without merit. The clear and convincing evidence in the affidavits and the hearing record establishes that, as a result of her level of disordered think-

ing, the appellant is indeed likely to suffer harm because her self-destructive behavior limits her ability to provide for her personal needs and management of her property, and because she is incapable of adequately understanding and appreciating the nature and consequences of her disabilities.

At a hearing to determine whether the appellant's situation and condition required the appointment of a guardian, several witnesses testified to the appellant's illogical, aggressive, and self-confounding behavior, her inability to make decisions, her inability to understand that therapy is intended to help her, and her dual-type personality, harsh and blunt at times, and infantile and self-indulgent at other times. The appellant has refused treatment for her ailments, refused to cooperate with hospital staff, and has placed unreasonable conditions upon the numerous nursing facilities which could provide her with treatment and therapy to help her to improve her situation. Furthermore, her incapacity is specifically indicated by both her history of living in deplorable conditions and her failure to pay for services rendered and her rent, although she continued to receive social security checks which remained uncashed.

The appellant alleges that the court's decision was based largely on psychiatric testimony, and contends that she should have been afforded an opportunity to challenge that testimony with the testimony of a court-appointed independent psychiatrist. However, the court based its determination upon the statements and testimony of all the witnesses, not merely upon the psychiatric testimony. Moreover, there is nothing in Mental Hygiene Law article 81 which mandates medical testimony in a guardianship proceeding (*Matter of Kustka,* NYLJ, Jan. 11, 1995, at 32, col 3).

The appellant's remaining contentions are without merit. Altman, J. P., Friedmann, Goldstein and Florio, JJ., concur.