■ In the Matter of JOHN P. HARNEY, Respondent. KULDIP SETH, Alleged to be an Incapacitated Person, Appellant. [670

NYS2d 17] —Order and judgment (one paper), Supreme Court, New York County (William Davis, J.), entered on or about September 16, 1996, which, after a hearing, adjudged appellant an incapacitated person under article 81 of the Mental Hygiene Law, and appointed a Guardian of the Person and a Guardian of the Property of appellant, with related relief, and order, same court and Justice, entered May 22, 1997, which, to the extent appealed from, denied appellant's motion to vacate the order and judgment, unanimously affirmed, without costs.

The 1996 order and judgment was a proper exercise of discretion in view of the evidence clearly indicating that appellant could not attend to his daily needs alone and was uncooperative and abusive with home care workers (*see, Matter of Harriet R.*, 224 AD2d 625; *Matter of Claiman*, 169 Misc 2d 881, 885). Under the circumstances of this case, where both the personal guardian and the property guardian were discharged after a second hearing, we find that appellant was not prejudiced by failure, if any, of the hearing court to comply fully with Mental Hygiene Law § 81.11 (e). We have considered appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ. [As amended by unpublished order entered May 7, 1998.]