■ In the Matter of DAVID C., Appellant. JASON A. TURNER, Respondent. [742 NYS2d 336] —In a proceeding pursuant to Mental Hygiene Law article 81, David C. appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), entered May 18, 2001, which, inter alia, upon a jury verdict finding that he is an incapacitated person, appointed a guardian to manage his property and personal affairs.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The Commissioner of Social Services (hereinafter the Commissioner) commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian to represent David C. after proceedings were commenced to evict him from his apartment based on allegations, inter alia, that he was substantially delinquent in his rent payments and failed to maintain the apartment in a proper condition. After a jury trial, David was found to be an incapacitated person within the

meaning of article 81 of the Mental Hygiene Law and a guardian was appointed. We reverse.

Viewing the evidence in the light most favorable to the Commissioner, there is no valid line of reasoning and permissible inferences which could lead a rational jury to conclude that the Commissioner proved by clear and convincing evidence that David was likely to suffer harm because he was unable to provide for the management of his property and personal needs and could not adequately understand and appreciate the nature and consequences of such inability (*see e.g. Matter of Grinker,* 77 NY2d 703; *Matter of Maher,* 207 AD2d 133; Mental Hygiene Law § 81.02). A precarious housing situation and meager financial means do not, without more, constitute proof of incapacity such that a guardian is warranted under Mental Hygiene Law § 81.02 (*see e.g. Matter of Seidner,* NYLJ, Oct. 8, 1997, at 28, col 4 [Sup Ct, Nassau County]; *Matter of Peterson,* NYLJ, Jan. 15, 1997, at 26, col 4 [Sup Ct, New York County]). Moreover, the evidence did not demonstrate that David was unable to adequately provide for the management of his property and personal needs. Accordingly, the order and judgment appealed from is reversed and the proceeding is dismissed. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.