■ In the Matter of SANDRA S., Appellant. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. [786 NYS2d 349]—In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian, Sandra S. appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated October 6, 2003, which, inter alia, after a hearing, found that she is an incapacitated person and appointed a guardian of her personal needs and property for a period of one year.

Ordered that the appeal from so much of the order and judgment as appointed a guardian for the personal needs and property of Sandra S. is dismissed as academic, without costs or disbursements, as the period of appointment has expired; and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed, without costs or disbursements.

Clear and convincing evidence supported the Supreme Court's determination that the appellant was unable to provide for her personal needs and property management, or to adequately understand and appreciate the nature and consequences of such inability (*see* Mental Hygiene Law § 81.02; *Matter of Harriet R.*, 224 AD2d 625 [1996]; *Matter of Flowers*, 197 AD2d 515 [1993]; *cf. Matter of Grinker*, 77 NY2d 703 [1991]).

The appeal from that portion of the order and judgment which appointed a guardian has been rendered academic, since the period of appointment has expired (*cf. Matter of Ricky A.,* 11 AD3d 532 [2004]; *Matter of Fatima G.,* 3 AD3d 495 [2004]). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.