■ In the Matter of ROSE P., Appellant. JOAN C., Respondent. [790 NYS2d 689]—

In a proceeding pursuant to RPAPL article 17, inter alia, for leave to sell the real property of Rose P., an adjudicated incapacitated person, and to relocate her, the appeal, as limited by the brief, is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Rosato, J.), entered August 30, 2004, as granted the petition.

Ordered that the order and judgment is reversed, on the law, the facts, and as a matter of discretion, without costs or disbursements, the petition is denied, and the matter is remitted to the Supreme Court, Westchester County, for a bedside hearing for the purpose of ascertaining the wishes and views of the adjudicated incapacitated person.

Under the circumstances of this case, the Supreme Court should have held a bedside hearing to aid in its disposition of the guardian's petition, inter alia, to sell Rose P.'s home and to relocate her (*see* Mental Hygiene Law § 81.11 [c]; *Matter of Levy v Davis,* 302 AD2d 309, 311-312 [2003]). Notably, in this case, the court evaluator was unable to speak to Rose P. for a sufficient length of time and therefore was unable to render a recommendation on the propriety of the sale and move. The court evaluator opined that Rose P. could meaningfully participate and should be heard. A bedside hearing, apart from giving the Supreme Court the opportunity to make an independent assessment, also would give Rose P. an opportunity to be part of the decision-making process regarding a proposed significant change in her life (*see* Law Revision Commission Comments, McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.11, at 323-324). H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.