■ In the Matter of EDWARD G.N., Appellant. HARRY J.M., JR., Respondent. [795 NYS2d 244]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Edward G.N.,

an alleged incapacitated person, Edward G.N. appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (LaMarca, J.), dated May 7, 2004, which, after a hearing, inter alia, granted the petition and appointed a guardian to manage his person and property.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The Supreme Court erred in conducting a hearing in the appellant's absence. First, there was no evidence establishing that the appellant was unable to come to court, as required under Mental Hygiene Law § 81.11 (c). Second, the evidence at the hearing failed to conclusively establish that the appellant was completely unable to participate in the hearing, or that no meaningful participation would result from his presence thereat (see Mental Hygiene Law § 81.11 [c]). Further, the Supreme Court failed to set forth in its order and judgment of appointment a sufficient factual basis for conducting the hearing without the appellant's presence (see Mental Hygiene Law § 81.11 [d]).

Similarly, the Supreme Court erred in failing to appoint counsel for the appellant, as there was no evidence that the court evaluator explained to the appellant his right to counsel, determined whether the appellant wished to have legal representation, or evaluated whether counsel should be appointed in accordance with Mental Hygiene Law § 81.10 (see Mental Hygiene § 81.09 [c] [2], [3]; Matter of Wogelt, 223 AD2d 309, 314 [1996]).

Further, the petitioner failed to establish by clear and convincing evidence that the appellant was an incapacitated person, and in need of a guardian, as required by Mental Hygiene Law § 81.02 (see Matter of Maher, 207 AD2d 133 [1994]).

Therefore, the Supreme Court should have denied the petition and dismissed the proceeding. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.