In the Matter of LILLIAN U., a Person Alleged to be Incapacitated. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LILLIAN U., Appellant. [887 NYS2d 321]—

Kavanagh, J. Appeal from an amended order and judgment of the Supreme Court (Peckham, J.), entered July 2, 2008 in Delaware County, which, in a proceeding pursuant to Mental Hygiene Law article 81, granted petitioner's motion to extend petitioner's appointment as guardian for the personal needs and property management of respondent.

In December 2005, petitioner initiated a proceeding pursuant to Mental Hygiene Law article 81 alleging that respondent was an incapacitated person in need of a guardian of her person and property. A guardianship hearing was held in February 2006, which was attended by respondent and her court appointed attorney, and an order was subsequently issued appointing petitioner as the guardian of respondent's person and property for a one-year period ending on March 31, 2007. Shortly after that order was issued, petitioner placed respondent in a facility in Massachusetts that could provide for her care because it was unable to find a suitable location in New York. A year later, just prior to the expiration of the guardianship order, petitioner filed an application to extend the guardianship indefinitely, alleging that respondent continued to be in need of a guardian for her person and her property. After counsel was appointed to represent respondent and a hearing was held in respondent's absence, Supreme Court found that respondent was incapacitated and continued to need a guardian. By amended order and judgment entered in July 2008, petitioner's guardianship of respondent's person and property was extended indefinitely. Respondent now appeals.

Respondent's principal contention on this appeal is that Supreme Court erred by conducting the hearing in her absence. Mental Hygiene Law § 81.11 (c) unequivocally states that a hearing in which it will be determined whether a guardian is necessary *"must* be conducted in the presence of the person alleged to be incapacitated" (emphasis added). Supreme Court found that respondent's presence "could be waived" because she was physically outside the state on the date the hearing was

to be conducted. However, the Mental Hygiene Law does not permit a hearing to be held in the absence of the person alleged to be incapacitated simply because he or she resides outside of the state (*see* Mental Hygiene Law § 81.11 [c]). Instead, it provides that, in that circumstance, the individual must be brought to the hearing, unless it is determined that the person "physically cannot come or be brought to the courthouse" (Mental Hygiene Law § 81.11 [c]). If the individual cannot be brought to the courthouse, the hearing must be held where the individual resides, unless "the [individual] is not present in the state" (Mental Hygiene Law § 81.11 [c] [1]) or "all the information before the court clearly establishes that (i) the person alleged to be incapacitated is completely unable to participate in the hearing or (ii) no meaningful participation will result from the person's presence at the hearing" (Mental Hygiene Law § 81.11 [c] [2]).

In the event the hearing is held in the person's absence and a court, as a result of evidence produced at the hearing, decides to appoint a guardian, "the order of appointment shall set forth the factual basis for conducting the hearing without the presence of the person for whom the appointment is made" (Mental Hygiene Law § 81.11 [d]; *see Matter of Edward G.N.*, 17 AD3d 600, 601 [2005]). Here, the order appointing petitioner as respondent's guardian did not include any findings as to respondent's physical ability or her willingness to attend the hearing; it merely concluded that her presence was waived because she was residing outside the state when the hearing was held. Absent a statement setting forth a factual basis for concluding that respondent could not come or be brought to the courthouse, the hearing should not have been conducted in her absence (*see* Mental Hygiene Law § 81.11 [c]). In that regard, we note that respondent's counsel, at the outset of the hearing, urged that respondent be produced and specifically notified Supreme Court that respondent opposed any extension of the guardianship. Also, a physician who treated respondent at the Massachusetts facility where she was residing stated in a letter addressed to the court that "[i]n terms of participating at a court hearing in New York [respondent] would be able to state her opinion if she wished to; more likely is that she would either not participate in typical court process or would become agitated and require behavioral interventions to remain in the courtroom." Based on the foregoing, we cannot conclude that respondent either refused to attend the hearing or was physically unable to do so (*see* Mental Hygiene Law § 81.11 [c]). Without such a finding, the hearing should not have been conducted in her absence.

Accordingly, Supreme Court's amended order and judgment appointing petitioner guardian of the person and property of respondent must be reversed and the matter remitted to Supreme Court for a new hearing on petitioner's application to extend its appointment as respondent's guardian. Respondent shall be produced at said hearing unless a determination is made that respondent is physically unable or unwilling to attend the hearing. In the meantime, petitioner shall continue to serve as temporary guardian of the person and property of respondent, until further order of Supreme Court.

Spain, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the amended order and judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new hearing, and, pending such hearing, petitioner shall continue to serve as temporary guardian of the personal needs and property management of respondent.