*750 Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the appointment of counsel to represent the appellant and for a new hearing on the petition and a new determination thereafter.
The petitioner commenced this proceeding to appoint a guardian for the person and property of his daughter, the appellant. A hearing on the petition was conducted in the Supreme Court at which the appellant was not present.
The Supreme Court erred in conducting a hearing in the appellant’s absence. There was no evidence presented at the hearing that the appellant was unable to be present in court, that she was unable to participate in the hearing, or that no meaningful participation would result from her presence (see Mental Hygiene Law § 81.11 [c]; Matter of Edward G.N., 17 AD3d 600, 601 [2005]; Matter of Rose P., 15 AD3d 665 [2005]). Furthermore, the court failed to set forth in the resulting order and judgment of appointment a sufficient factual basis for conducting the hearing without the appellant being present (see Mental Hygiene Law § 81.11 [d]; Matter of Lillian U., 66 AD3d 1219, 1220 [2009]; Matter of Edward G.N., 17 AD3d at 601; cf. Matter of E.H., 13 Misc 3d 1233[A], 2006 NY Slip Op 52101[U] [Sup Ct, Bronx County 2006]).
Moreover, since there was no evidence that the appellant made an informed decision to refuse the assistance of counsel, the Supreme Court should have appointed counsel to represent her (see Mental Hygiene Law § 81.10 [c] [2], [3]; [d]; see also Matter of Edward G.N., 17 AD3d at 601). Eng, EJ., Balkin, Lott and Roman, JJ., concur.