■ In the Matter of EDWARD S., Appellant. HELENE GEORGIS-COREY, Respondent. [14 NYS3d 159]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs of Edward S., an alleged incapacitated person, Edward S. appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Aliotta, J.), dated August 7, 2014, which, after a hearing, inter alia, granted the petition and appointed a guardian for his personal needs.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding for the appointment of a guardian for Edward S., an allegedly incapacitated person (hereinafter the AIP), pursuant to Mental Hygiene Law article 81. The petition alleged that the AIP was an incapacitated person and that a guardian was needed to provide for his personal needs. After a hearing, the Supreme Court, inter alia, granted the petition and appointed a guardian for the personal needs of the AIP. The AIP appeals, and we reverse.

In order for a court to exercise its authority to appoint a personal needs guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02 [a]; see also Matter of Samuel S. [Helene S.], 96 AD3d 954, 957 [2012]; Matter of Maher, 207 AD2d 133, 139-140 [1994]). First, the court must determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety" (Mental Hygiene Law § 81.02 [a] [1]). Second, the court must determine "that the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02 [a] [2]).

With respect to the second prong, "[t]he determination of incapacity . . . shall consist of a determination that a person is likely to suffer harm because" (1) "the person is unable to provide for [his or her] personal needs" and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02 [b] [1], [2]). In reaching its determination as to whether an individual is incapacitated, the court is required to "give primary consideration to the functional level and functional limitations of the person" (Mental Hygiene Law § 81.02 [c]).

"A determination that a person is incapacitated . . . must be based on clear and convincing evidence" (Mental Hygiene Law § 81.12 [a]; see Mental Hygiene Law § 81.02 [b]). "The burden of proof shall be on the petitioner" (Mental Hygiene Law § 81.12 [a]; see Matter of Samuel S. [Helene S.], 96 AD3d at 957; Matter of Maher, 207 AD2d at 140).

Here, the petitioner failed to demonstrate, by clear and convincing evidence, that the AIP is incapacitated (see Mental Hygiene Law § 81.02 [b]; see Matter of Edward G.N., 17 AD3d 600, 601 [2005]; Matter of David C., 294 AD2d 433, 434 [2002]). The testimony presented by the petitioner at the hearing failed to show that the AIP was unable to provide for his personal needs and that he was unable to adequately understand and

appreciate the nature and consequences of any such inability (*Matter of Ardelia R.*, 28 AD3d 485, 486 [2006]; *cf. Matter of Joseph S.*, 25 AD3d 804, 805-806 [2006]; *Matter of Joseph V.*, 307 AD2d 469, 470-471 [2003]). The Supreme Court's conclusion that the AIP "suffers from dementia" was not supported by the record. The petitioner's medical expert testified that the AIP had not "evidenced . . . dementia" and was "capable of impressive cognitive functioning" (*see Matter of Kurt T.*, 64 AD3d 819, 822 [2009]; *Matter of Joseph A.*, 304 AD2d 660, 660 [2003]; *see also Matter of Grinker [Rose]*, 77 NY2d 703, 711-712 [1991]). Inasmuch as the petitioner failed to demonstrate that the AIP was incapacitated or otherwise consented to the appointment of a guardian for his personal needs, the Supreme Court erred in granting the petition and appointing a guardian for the AIP's personal needs (*see* Mental Hygiene Law § 81.02 [a]).

In light of the foregoing, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.