■ In the Matter of CAROLE L., Appellant. RICHMOND UNIVERSITY MEDICAL CENTER, Respondent. [26 NYS3d 133]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person of Carole L., an alleged incapacitated person, Carole L. appeals from a judgment of the Supreme Court, Richmond County (Aliotta, J.), dated September 12, 2014, which, after a hearing, granted the petition and appointed a guardian to manage her person and property.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person of Carole L., an alleged incapacitated person (hereinafter the AIP). The petition alleged that the AIP was an incapacitated person and that a guardian was needed to provide for her personal needs. After a hearing, the Supreme Court granted the petition and appointed a guardian to manage the person and property of the AIP. The AIP appeals.

In order for a court to exercise its authority to appoint a personal needs guardian or a property management guardian, it must make a two-pronged determination (*see* Mental Hygiene Law § 81.02 [a]; *see also Matter of Samuel S. [Helene S.]*, 96 AD3d 954, 957 [2012]; *Matter of Daniel TT.*, 39 AD3d 94, 96-97 [2007]; *Matter of Maher*, 207 AD2d 133, 139-140 [1994]). To appoint a personal needs guardian, the court must first determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety" (Mental Hygiene Law § 81.02 [a] [1]). Similarly, to appoint a property management guardian, the court must first determine that "the appointment is necessary . . . to manage the property and financial affairs of that person" (*id.*). Second, to appoint either a personal needs or a property management guardian, the court must determine "that the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02 [a] [2]).

With respect to the second prong regarding appointment of a guardian of the person, "[t]he determination of incapacity . . . shall consist of a determination that a person is likely to suffer harm because" (1) "the person is unable to provide for [his or her] personal needs," and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02 [b] [1], [2]).

Insofar as a person is alleged to need appointment of a guardian of the property, a determination of incapacity must be based upon evidence that the person is "likely to suffer harm"

because: (1) he or she is "unable to provide for . . . property management," and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02 [b]). In reaching its determination, the court must give primary consideration to the person's "functional level and functional limitations" (Mental Hygiene Law § 81.02 [c]), including an assessment of the person's ability to manage the activities of daily living related to property management, such as money management and banking, his or her understanding and appreciation of the nature and consequences of any inability to manage these activities, his or her preferences, wishes, and values regarding management of these affairs, and the nature and extent of the person's property and finances, in the context of his or her ability to manage them (*see Matter of Maher*, 207 AD2d at 140; Mental Hygiene Law §§ 81.02 [c]; 81.03 [h]). The court must also assess, in pertinent part, "the extent of the demands placed on the person . . . by the nature and extent of that person's property and financial affairs"; any mental disability and the prognosis of the disability; "any medications with which the person is being treated and their effect on the person's behavior, cognition and judgment"; and "other relevant facts and circumstances" (Mental Hygiene Law § 81.02 [c] [4]; [d]).

For both personal needs guardians and property management guardians, the determination that a person is incapacitated must be based on clear and convincing evidence (*see* Mental Hygiene Law §§ 81.02 [b]; 81.12 [a]). "The burden of proof shall be on the petitioner" (Mental Hygiene Law § 81.12 [a]; *see Matter of Samuel S. [Helene S.]*, 96 AD3d at 957; *Matter of Maher*, 207 AD2d at 140).

Here, the petitioner failed to demonstrate, by clear and convincing evidence, that the AIP is incapacitated (*see* Mental Hygiene Law § 81.02 [b]; *see Matter of Edward G.N.*, 17 AD3d 600, 601 [2005]; *Matter of David C.*, 294 AD2d 433, 434 [2002]). The testimony presented by the petitioner at the hearing failed to show that the AIP was unable to provide for her personal or financial needs and that she was unable to adequately understand and appreciate the nature and consequences of any such inability (*see Matter of Ardelia R.*, 28 AD3d 485, 486 [2006]; *cf. Matter of Joseph S.*, 25 AD3d 804, 805-806 [2006]; *Matter of Joseph V.*, 307 AD2d 469, 470-471 [2003]). Thus, the Supreme Court's conclusion that the AIP required a guardian was not supported by the record. Inasmuch as the petitioner failed to demonstrate that the AIP was incapacitated or

consented to the appointment of a guardian for her personal or property needs, the court erred in granting the petition and appointing a guardian for the AIP's personal needs and property management (*see* Mental Hygiene Law § 81.02 [a]).

In light of our determination, we need not reach the petitioner's remaining contentions. Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.