■ In the Matter of Steven Banks, as Commission of Social Services of the City of New York, Respondent, for the Appointment of a Guardian of the Personal Needs and Property Management of Gwendolyn R., a Person Alleged to be Incapacitated, Appellant. [28 NYS3d 321]—

Order and judgment (one paper), Supreme Court, New York County (Laura Visitación-Lewis, J.), entered June 23, 2015, which, to the extent appealed from as limited by the briefs, appointed a guardian over the person and property of the alleged incapacitated person, Gwendolyn R. (the AIP), pursuant to article 81 of the Mental Hygiene Law, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the matter remanded for the immediate appointment of a temporary guardian and a new hearing at which the AIP is afforded an opportunity to be present.

After multiple failed attempts to personally serve the AIP, the AIP was properly served with process by alternate means pursuant to court order (Mental Hygiene Law § 81.07 [e] [2] [i]). The order to show cause seeking the appointment of a guardian over the AIP and setting a hearing date was also served upon the AIP's court-appointed counsel.

At the hearing, which was on for the first time on March 12, 2015, the AIP was not present. Although she had indicated to the court evaluator that she intended to appear at the hearing, she advised her counsel at the last minute that she was not feeling well. Supreme Court conducted the hearing in the AIP's absence, finding that the AIP had notice of the hearing and that she had "waived" her attendance at the hearing.

Mental Hygiene Law § 81.11 (c) provides that a hearing to determine whether the appointment of a guardian is necessary for an AIP "must be conducted in the presence of the person alleged to be incapacitated," including at the AIP's place of residence if necessary. There is an "overarching value in a court having the opportunity to observe, firsthand, the allegedly incapacitated person" (*Matter of Levy v Davis*, 302 AD2d 309, 312 [1st Dept 2003]; *see also Matter of Lillian U.*, 66 AD3d 1219 [3d Dept 2009]). Accordingly, we remand the matter for a hearing at which the AIP should be afforded an opportunity to be present. Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.