■ In the Matter of Susan R.E., Appellant; Arthur E., Respondent [33 NYS3d 457]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person of Susan R.E., an alleged incapacitated person, Susan R.E. appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated June 4, 2014, which, after a hearing, granted the petition and appointed a guardian to manage her person and property and granted to the guardian certain powers including the authority to enter into a stipulation of settlement of an action commenced against Susan R.E. in the Supreme Court, New York County.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Arthur E., commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person of Susan R.E. (hereinafter the appellant), his sister, an alleged incapacitated person. The petition alleged that the appellant was an incapacitated person and that a guardian was needed to provide for her personal needs and property management. After a hearing, the Supreme Court granted the petition and appointed the petitioner as guardian to manage the appellant's person and property. The judgment granted to the guardian certain powers including the authority to enter into, on behalf of the appellant, a stipulation of settlement of an action commenced against the appellant in the Supreme Court, New York County.

Our review of the totality of the record reveals that, contrary to the appellant's contention, the Supreme Court found that the appellant was an incapacitated person as defined in Mental Hygiene Law § 81.02 (b), despite certain colloquy by the court during the hearing. The record demonstrates that the court specifically found that there existed clear and convincing evidence that the appellant is a person in need of a guardian as defined under section 81.02 (b) of the Mental Hygiene Law, in that she was not able to provide for her personal needs and property management, and, in effect, determined that the appellant could not "adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02 [b]; *see Matter of Carole L.*, 136 AD3d 917, 919 [2016]; *Matter of Harold W.S. [Mark P.—Lauralyn W.]*, 134 AD3d 724, 725 [2015]; *Matter of Edward S. [Georgis-Corey]*, 130 AD3d 1043, 1044-1045 [2015]; *cf. Matter of Edward G.N.*, 17 AD3d 600, 601 [2005]).

The petitioner also demonstrated that the appointment of a guardian for the appellant was necessary to provide for her personal needs and to manage her property and financial affairs (*see* Mental Hygiene Law § 81.02 [a] [1]; *Matter of Barbara N. [Doar]*, 104 AD3d 948, 949 [2013]; *Matter of Barbara S. [Lenora S.]*, 99 AD3d 1008 [2012]; *Matter of Adam J. [Gwendolyn J.]*, 89 AD3d 943, 943-944 [2011]). The petitioner further established, by clear and convincing evidence, that the appellant was likely to suffer harm because she was unable to provide for her personal needs and property management and could not adequately understand and appreciate the nature and consequences of such inability (*see* Mental Hygiene Law § 81.02 [a] [2]; *Matter of Sandra S.*, 13 AD3d 637 [2004]).

Accordingly, the Supreme Court providently exercised its discretion in appointing the petitioner as the guardian for the appellant's personal needs and property management (*see Matter of Barbara N. [Doar]*, 104 AD3d at 949). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.