Matter of Linda H.A. (Belluci) (2019 NY Slip Op 05656)





Matter of Linda H.A. (Belluci)


2019 NY Slip Op 05656


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-10987
 (Index No. 32628/18)

[*1]In the Matter of Linda H.A. (Anonymous), appellant.
and
Alessandro Belluci, etc., respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael Neville, Lisa Volpe, and Dennis B. Feld of counsel), for appellant.
La Salle, La Salle, Dwyer, P.C., Sea Cliff, NY (Lori La Salle of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Linda H. A., an alleged incapacitated person, Linda H. A. appeals from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated June 25, 2018. The judgment, after a hearing, granted the petition to appoint an independent guardian to manage Linda H. A.'s person and property.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner, as Executive Director of North Shore University Hospital (hereinafter the hospital), commenced this proceeding pursuant to Mental Hygiene Law article 81, alleging that Linda H. A. was an incapacitated person and that a guardian was needed to provide for her personal needs and property management. After a hearing, the Supreme Court granted the petition to appoint an independent guardian to manage Linda H. A.'s person and property. Linda H. A. appeals.
In order for a court to exercise its authority to appoint a personal needs guardian or a property management guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Carole L., 136 AD3d 917, 918; Matter of Maher, 207 AD2d 133, 139-140). First, the court must determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety and/or to manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02[a][1]). Second, the court must determine either "that the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02[a][2]). With respect to this second element, "[t]he determination of incapacity . . . shall consist of a determination that a person is likely to suffer harm because" (1) "the person is unable to provide for [his or her] personal needs and/or property management" and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02[b]; see Matter of Carole L., 136 AD3d at 918-919).
A "determination that a person is incapacitated . . . must be based on clear and convincing evidence," and "shall be made only after a hearing" (Mental Hygiene Law §§ 81.11[a], [*2]81.12[a]; see Mental Hygiene Law § 81.02[b]). "The burden of proof shall be on the petitioner" (Mental Hygiene Law § 81.12[a]; see Matter of Samuel S. [Helene S.], 96 AD3d 954, 957).
Here, the evidence adduced at the hearing demonstrated that Linda H. A. was likely to suffer harm because she was unable to provide for her personal needs and property management and that she was unable to adequately understand and appreciate the nature and consequences of these inabilities (see Mental Hygiene Law § 81.02; Matter of Barbara S. [Lenora S.], 99 AD3d 1008; Matter of Joseph S., 25 AD3d 804, 805-806; Matter of Margaret K., 17 AD3d 466). The evidence at the hearing consisted of the testimony of four persons: (1) Linda H. A., (2) Linda H. A.'s sister, (3) a social worker assigned to oversee Linda H. A.'s care, and (4) the court-appointed evaluator, who had interviewed Linda H. A., the social worker, and Linda H. A.'s three siblings, among others (cf. Matter of Fritz G., 164 AD3d 503, 504). The record reveals that Linda H. A. had expressed delusional beliefs, had been evicted from her apartment because of her abusive and disruptive behavior toward other tenants, and had since been living in a train station or in the boiler room of a building, among other places. She was unable to articulate a plan for obtaining housing upon her discharge from the hospital. The record also reveals that Linda H. A. had a history of failing to comply with medical treatment and refusing assistance with housing. Thus, the petitioner demonstrated, by clear and convincing evidence, that Linda H. A. was incapacitated.
Accordingly, we agree with the Supreme Court's determination to grant the petition to appoint an independent guardian to manage Linda H. A.'s person and property.
RIVERA, J.P., MALTESE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court