Matter of Rachel Z. (Jack Z.--Anna B.) (2020 NY Slip Op 01920)





Matter of Rachel Z. (Jack Z.--Anna B.)


2020 NY Slip Op 01920


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-09505
 (Index No. 100477/15)

[*1]In the Matter of Rachel Z. (Anonymous). Jack Z. (Anonymous), et al., petitioners-respondents; Anna B. (Anonymous), etc., appellant; Frieda Rosengarten, et al., nonparty-respondents.


Corliss Law Group (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Korsinsky & Klein, LLP (Cahill and Cahill, P.C., Brooklyn, NY [James H. Cahill, Jr.], of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Rachel Z., an alleged incapacitated person, in which Anna B. cross-petitioned to be appointed guardian of the person and property of Rachel Z., Anna B. appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 26, 2016. The order and judgment, after a hearing, granted the petition to appoint a guardian of the person and property of Rachel Z., appointed the petitioner Abe Z. as guardian of the person of Rachel Z. and nonparty New York Guardianship Services as guardian of the property of Rachel Z., revoked Anna B.'s power of attorney and designation as health care proxy for Rachel Z., and, in effect, denied the cross petition of Anna B. to be appointed guardian of the person and property of Rachel Z.
ORDERED that the order and judgment is affirmed, with costs.
The petitioners commenced this proceeding to appoint a guardian of the person and property of their mother, Rachel Z. (hereinafter Rachel). Rachel's daughter, Anna B. (hereinafter the appellant), opposed the petition, and cross-petitioned to be appointed as Rachel's guardian. After a hearing, the Supreme Court granted the petition, appointed the petitioner Abe Z. (hereinafter Abe) as the guardian of Rachel's person and nonparty New York Guardianship Services as guardian of her property, revoked the appellant's power of attorney and designation as health care proxy for Rachel, and in effect, denied the cross petition.
The appellant contends, inter alia, that the order and judgment must be reversed because the Supreme Court conducted the hearing in Rachel's absence. This contention is unpreserved for appellate review (see CPLR 5501[a][3]), and in any event, lacks merit. The record reflects that, on the first day of the hearing, the court heard testimony from Rachel, engaged in colloquy with her and was able to observe her in the courtroom, and only at the conclusion of the hearing that day excused her from attending subsequent hearing dates. The record demonstrates that the court was able to obtain its own impression of Rachel's capacity, and concluded that she would [*2]not be able to meaningfully participate in the hearing (see Mental Hygiene Law § 81.11[c]). Moreover, no party, including Rachel's appointed attorney, objected to the determination to dispense with Rachel's presence. Accordingly, contrary to the appellant's contention, the court's failure to comply with the requirement that it set forth in the order and judgment its factual basis for conducting the remainder of the hearing in Rachel's absence does not require reversal (see Mental Hygiene Law § 81.11[d]; Matter of Foley, 140 AD2d 892, 894; cf. Matter of Banks [Gwendolyn R.], 138 AD3d 519, 520; Matter of Gulizar N.O. [Rudy O.], 111 AD3d 749, 750; Matter of Lillian U., 66 AD3d 1219; Matter of Edward G.N., 17 AD3d 600, 601).
We agree with the Supreme Court's determination that the appointment of a guardian of Rachel's person and property was necessary (see Mental Hygiene Law § 81.02[a][1]). Contrary to the appellant's contention, the power of attorney and health care proxy held by the appellant were not sufficient and reliable available resources to protect Rachel's interests, in light of the evidence indicating that Rachel was incapacitated at the time she executed them, and the evidence that the appellant was not acting in Rachel's best interests (see Mental Hygiene Law § 81.02[a][2]; Matter of Joseph D., 55 AD3d 907, 907-908; Matter of Rochester Gen. Hosp. [Levin], 158 Misc 2d 522, 528 [Sup Ct, Monroe County]; cf. Matter of Isadora R., 5 AD3d 494; Matter of O'Hear [Rodriguez], 219 AD2d 720, 722).
Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in appointing Abe as the guardian of Rachel's person (cf. Matter of Joshua H., 62 AD3d 795, 797; Matter of Ardelia R., 28 AD3d 485, 487; Matter of Nora McL. C., 308 AD2d 445).
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court