Matter of Aurelia S. (2020 NY Slip Op 04561)





Matter of Aurelia S.


2020 NY Slip Op 04561


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-09784
 (Index No. 311/18)

[*1]In the Matter of Aurelia S. (Anonymous), appellant. Steven Banks, etc., petitioner-respondent; New York Foundation for Senior Citizens Guardian Services, Inc., nonparty-respondent.


Mental Hygiene Legal Service, Garden City, New York (Michael Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Goldfarb Abrandt Salzman & Kutzin, LLP, New York, NY (Ira Salzman of counsel), for nonparty-respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Aurelia S., an alleged incapacitated person, Aurelia S. appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered July 12, 2019. The order granted the motion of nonparty New York Foundation for Senior Citizens Guardian Services, Inc., to extend the term of its guardianship over the person and property of Aurelia S., to the extent of extending the term for a period of one year.
ORDERED that the appeal from so much of the order as appointed a guardian to manage Aurelia S.'s person and property for a period of one year is dismissed as academic, without costs or disbursements, as the period of appointment has expired; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof appointing a guardian to manage Aurelia S.'s person and property, and substituting therefor a provision appointing a guardian only to manage Aurelia S.'s property and financial affairs, which shall have the following limited powers: (1) apply for, establish, and maintain eligibility for the maximum amount of government and private benefits; (2) marshal and manage income and assets; (3) enter into contracts, subject to prior court approval; (4) invest funds with the same authority as a trustee pursuant to EPTL 11-2.2; and (5) investigate any misappropriation of funds of Aurelia S. and take appropriate action; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
In an order and judgment entered April 24, 2018, the Supreme Court determined that Aurelia S. was an incapacitated person and appointed a guardian to manage her person and property for a period of one year. In a decision and order on an appeal from that order and judgment, this Court agreed with the court's determination that Aurelia S. was an incapacitated person (see Matter of Aurelia S. [Anonymous], _____ AD3d _____ [Appellate Division Docket No. 2018-07960; decided herewith]). However, this Court modified the order and judgment by deleting the provision thereof appointing a guardian to manage Aurelia S.'s person and property, and substituting therefor [*2]a provision appointing a guardian only to manage Aurelia S.'s property and financial affairs, with the following limited powers: (1) apply for, establish, and maintain eligibility for the maximum amount of government and private benefits; (2) marshal and manage income and assets; (3) enter into contracts, subject to prior court approval; (4) invest funds with the same authority as a trustee pursuant to EPTL 11-2.2; and (5) investigate any misappropriation of funds of Aurelia S. and take appropriate action.
Meanwhile, nonparty New York Foundation for Senior Citizens Guardian Services, Inc. (hereinafter NY Foundation), the guardian appointed to manage Aurelia S.'s person and property, moved to extend the term of its guardianship indefinitely. The Supreme Court granted NY Foundation's motion to the extent of extending the term for a period of one year, and further granted NY Foundation "all the powers, duties and responsibilities" it had previously been granted in the order and judgment entered April 24, 2018. Aurelia S. appeals.
As found by this Court in the related appeal (see Matter of Aurelia S. [Anonymous], _____ AD3d _____ [Appellate Division Docket No. 2018-07960; decided herewith]), under the circumstances presented, the Supreme Court should have appointed a guardian only to manage Aurelia S.'s property and financial affairs, which shall have the following limited powers: (1) apply for, establish, and maintain eligibility for the maximum amount of government and private benefits; (2) marshal and manage income and assets; (3) enter into contracts, subject to prior court approval; (4) invest funds with the same authority as a trustee pursuant to EPTL 11-2.2; and (5) investigate any misappropriation of funds of Aurelia S. and take appropriate action.
The appeal from that portion of the order which appointed a guardian to manage Aurelia S.'s person and property for a period of one year has been rendered academic, since the period of appointment has expired (see Matter of Sandra S., 13 AD3d 637, 638).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court