Matter of Aurelia S. (2020 NY Slip Op 04560)





Matter of Aurelia S.


2020 NY Slip Op 04560


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07960
 (Index No. 311/18)

[*1]In the Matter of Aurelia S. (Anonymous), appellant. Steven Banks, etc., petitioner-respondent; Charlotte Conley, nonparty-appellant; New York Foundation for Senior Citizens Guardian Services, Inc., nonparty-respondent.


Mental Hygiene Legal Service, Garden City, New York (Michael Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Antonella Karlin of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Aurelia S., an alleged incapacitated person, Aurelia S. appeals, and nonparty Charlotte Conley separately appeals, from an order and judgment (one paper) of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered April 24, 2018. The order and judgment, after a hearing, granted the petition and appointed a guardian to manage Aurelia S.'s person and property for a period of one year.
ORDERED that the appeal by Charlotte Conley is dismissed as abandoned; and it is further,
ORDERED that the appeal from so much of the order and judgment as appointed a guardian to manage Aurelia S.'s person and property for a period of one year is dismissed as academic, without costs or disbursements, as the period of appointment has expired; and it is further,
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof appointing a guardian to manage Aurelia S.'s person and property, and substituting therefor a provision appointing a guardian only to manage Aurelia S.'s property and financial affairs, which guardian shall have the following limited powers: (1) apply for, establish, and maintain eligibility for the maximum amount of government and private benefits; (2) marshal and manage income and assets; (3) enter into contracts, subject to prior court approval; (4) invest funds with the same authority as a trustee pursuant to EPTL 11-2.2; and (5) investigate any misappropriation of funds of Aurelia S. and take appropriate action; as so modified, the order and judgment is affirmed insofar as reviewed on the appeal by Aurelia S., without costs or disbursements.
The petitioner, as the Commissioner of the Department of Social Services of the City of New York, commenced this proceeding pursuant to Mental Hygiene Law article 81, alleging that Aurelia S. was an incapacitated person and that a guardian was needed to provide for her personal [*2]needs and property management. After a hearing, the Supreme Court granted the petition and appointed a guardian to manage Aurelia S.'s person and property for a period of one year. Aurelia S. appeals.
In order for a court to exercise its authority to appoint a personal needs guardian or a property management guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Linda H.A. [Belluci], 174 AD3d 704; Matter of Agam S.B.-L [Janna W.], 169 AD3d 1028, 1030). First, the court must determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety and/or to manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02[a][1]). Second, the court must determine either "that the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02[a][2]). With respect to this second element, "[t]he determination of incapacity . . . shall consist of a determination that a person is likely to suffer harm because" (1) "the person is unable to provide for [his or her] personal needs and/or property management" and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02[b]; see Matter of Carole L., 136 AD3d 917, 918-919). In reaching its determination, the court shall give primary consideration to the functional level and functional limitations of the person (see Mental Hygiene Law § 81.02[c]). Significantly, any guardian appointed shall be granted "only those powers which are necessary to provide for personal needs and/or property management of the incapacitated person in such a manner as appropriate to the individual and which shall constitute the least restrictive form of intervention" (Mental Hygiene Law § 81.02[a][2]).
Here, the petitioner established by clear and convincing evidence that Aurelia S. was incapacitated as defined in Mental Hygiene Law article 81 (see Mental Hygiene Law § 81.02[b]). Nevertheless, the judgment must be modified since the broad powers granted to the appointed guardian are inconsistent with the statutory requirement that the guardian be granted "only those powers which are necessary" and "which shall constitute the least restrictive form of intervention" (Mental Hygiene Law § 81.02[a][2]; see Mental Hygiene Law § 81.03[d]; Matter of Heidi B. [Pasternak], 165 AD3d 923, 924). Under the circumstances presented, the Supreme Court should have appointed a guardian only to manage Aurelia S.'s property and financial affairs, which shall have the following limited powers: (1) apply for, establish, and maintain eligibility for the maximum amount of government and private benefits; (2) marshal and manage income and assets; (3) enter into contracts, subject to prior court approval; (4) invest funds with the same authority as a trustee pursuant to EPTL 11-2.2; and (5) investigate any misappropriation of funds of Aurelia S. and take appropriate action.
The appeal from that portion of the order and judgment which appointed a guardian to manage Aurelia S.'s person and property for a period of one year has been rendered academic, since the period of appointment has expired (see Matter of Sandra S., 13 AD3d 637, 638).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court