Matter of Gordon (2020 NY Slip Op 07134)





Matter of Gordon


2020 NY Slip Op 07134


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Webber, J.P., Oing, Singh, Mendez, JJ. 


Index No. 500013/19 Appeal No. 12512-12513-12514 Case No. 2019-04361 

[*1]In the Matter of Lauren Burstyn Gordon et al., Petitioners-Respondents, For the Appointment of a Guardian of the Person and Property of Sharon Burstyn Green, An Alleged Incapacitated Person, Renee Burstyn Kaufman, Petitioner. Peter Green, Cross-Petitioner-Appellant.


Goetz FitzPatrick LLP, New York (Alison Arden Besunder of counsel), for appellant.
Farrell Fritz, P.C., Uniondale (Frank T. Santoro of counsel), for respondents.



Order, Supreme Court, New York County (Mary V. Rosado, J.), entered November 25, 2019, which, to the extent appealed from as limited by the briefs, granted petitioners' application for an order appointing a guardian of the person and property of their mother, Sharon Burstyn Green, and appointed a neutral guardian, and denied cross petitioner's petition to dismiss the proceeding, and an order, same court and Justice, entered July 30, 2019, awarding the court [*2]evaluator $58,640 in fees, unanimously reversed, on the law and the facts, without costs, and the matter of guardianship and the court evaluator's fees remanded for a new hearing before a different Justice. Appeals from orders, same court and Justice entered May 13, 2019 and on or about October 18, 2019, unanimously dismissed, without costs as superseded by the appeal from the November 25, 2019 order.
The parties do not dispute the court's adjudication of Sharon Burstyn Green as incapacitated within the meaning of Mental Hygiene Law (MHL) § 81.02(b). The issue presented is only whether the appointment of a guardian of her person and property is necessary, or if there are "sufficient available resources," that obviate such need (see MHL §§ 81.02[a][2], 81.03[e]).
While we make no determination as to the necessity of a guardian here, review of the record supports cross petitioner's contention that he was deprived of his right to present evidence when the court concluded the hearing at the close of petitioners' case (see MHL §§ 81.11[a][b]; cf. Matter of Panartos, 308 AD2d 350, 351 [1st Dept 1999] [stating that guardianship, as "such a drastic intervention in a person's liberty," must adhere to proper procedural standards]). In appointing an independent guardian, the court made no clear findings that cross petitioner was unfit for the role (see MHL §§ 81.15, 81.17), and, regardless, he should have been provided with the opportunity to rebut those allegations. Accordingly, we remand the matter for a new hearing before a different Justice, as Supreme Court should not have pre-determined prior to holding a hearing that Ms. Green required an independent guardian. In the interim, we appoint Fern J. Finkel, Esq. as temporary guardian of the person as there was no objection by the parties to her appointment.
Cross petitioner's claim that the court should have held a hearing on the court evaluator's fees given his objections is unopposed. In any event, we agree. Although the court has the authority to determine reasonable compensation for a court evaluator, it must provide a basis for arriving at the amount awarded (see Matter of Loftman [Mae R.], 123 AD3d 1034, 1036 [2d Dept 2014]). Moreover, in the face of the husband's objections, the court should have held a hearing (see Matter of Specht, 265 AD2d 919, 919 [4th Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020