Matter of Roberts v Maxis (2021 NY Slip Op 05833)





Matter of Roberts v Maxis


2021 NY Slip Op 05833


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 500145/13 Appeal No. 14802 Case No. 2021-01655 

[*1]In the Matter of Khary Roberts, Petitioner-Appellant,
v
Laurie Maxis, Esq., Successor-Examiner-Respondent.


Greenberg & Wilner, LLP, New York (Harvey L. Greenberg of counsel), for appellant.
Laurie Maxis, New York, respondent pro se.



Order, Supreme Court, New York County (Mary V. Rosado J.), entered on or about January 14, 2021, which, to the extent appealed from as limited by the briefs, granted respondent's motion to remove petitioner as co-guardian of the property of his father, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for a new removal hearing.
The Court Examiner sought removal of petitioner from continuing to act as the Incapacitated Person's (IP) guardian of the property and instead be replaced by a non-relative. Petitioner is the IP's son. No issue was raised regarding whether the petitioner could continue to serve as his father's guardian of the person. The Court Examiner was critical of some of the actions and decisions by petitioner, particularly, because she claimed that they were made without the benefit of prior court order. Petitioner interposed an answer in which he raised issues of law and fact. He claimed in part that some of his actions did not require further court order but were permissible under the original order appointing him as guardian. He also claimed that he obtained prior court approval, albeit in the informal manner (i.e. emails or phone calls) employed by the previous judge who was assigned to this matter. He also made credible arguments that the decisions he made benefitted, and did not harm, the IP's estate (Matter of Perl [Evans], 77 AD3d 525, 526 [1st Dept 2010]).
Rather than hold a testimonial hearing, Supreme Court simply accepted what the Court Examiner claimed in her motion. The Court did not make any findings of fact or conclusions of law to justify the removal of petitioner. Nor did it hold that removal of the petitioner was in the best interest of the IP. Petitioner did not have any opportunity to testify under oath, or rebut the allegations made against him, despite his competency as a guardian being directly at issue (see Matter of Gordon [Green], 189 AD3d 408, 409 [1st Dept 2020]). A testimonial hearing in this case is necessary so that the record can be developed, and the disputed issues of fact and law can be resolved.
We have long recognized that strangers will not be appointed either a guardian of the person or the property unless it is impossible to find someone within the family circle who is qualified to serve (Matter of Gustafson, 308 AD3d 305, 307 [1st Dept 2003]). The preference for a relative may be overridden by a showing that the guardian-relative has rendered inadequate care to the IP, has an interest adverse to the IP or is otherwise unsuitable to exercise the powers necessary to assist the IP (id.). Moreover, the ultimate remedy of removal may be an abuse of discretion, where a guardian's errors do not prejudice or harm the estate. The court should also consider whether other less drastic remedies, such as ordering compliance or reducing the guardian's compensation, would be appropriate. None of these considerations were addressed by Supreme Court [*2]before removing petitioner.
We remand this matter for a new hearing because petitioner was deprived of his right to present evidence and for the court to make findings before reaching any conclusion on the Court Examiner's motion (Matter of Gordon [Green], 189 AD3d at 409).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021