Matter of Jenkins v Gina B. (2024 NY Slip Op 05637)

Matter of Jenkins v Gina B.

2024 NY Slip Op 05637

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 808218/22 Appeal No. 3049 Case No. 2023-06113 

[*1]In the Matter of Gary P. Jenkins, etc., Petitioner-Respondent,
v
Gina B., A Person Alleged to be Incapacitated, Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Laureena Novotnak of counsel), for appellant.
Muriel, Goode-Trufant, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 19, 2023, which denied respondent's motion to vacate an order and judgment, same court and Justice, entered September 23, 2022, adjudging her to be an incapacitated person and appointing a temporary guardian for her person and property for a period of three years, unanimously reversed, on the law, facts and in the exercise of discretion, without costs, the motion to vacate the order and judgment granted, and the matter remanded for further proceedings in accordance with this decision.
Under the unique facts of this case, we are exercising our inherent power to vacate the order and judgment in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Vacatur is warranted in the interest of justice because the court held a hearing pursuant to Mental Hygiene Law § 81.11 in respondent's absence and without having made a finding regarding her inability to meaningfully participate in the hearing (see Matter of Banks [Gwendolyn R.], 138 AD3d 519, 520 [1st Dept 2016]). In addition, the court failed to appoint counsel to represent respondent even though she was contesting the guardianship petition (see Matter of Wogelt, 223 AD2d 309, 314 [1st Dept 1996]).
Accordingly, we remand the matter for a new hearing in accordance with this decision, to be held expeditiously.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024