Matter of Nima B.R. (Rae-Garwood) (2024 NY Slip Op 06347)

Matter of Nima B.R. (Rae-Garwood)

2024 NY Slip Op 06347

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-08415
 (Index No. 85080/21)

[*1]In the Matter of Nima B. R. (Anonymous), appellant. Gail Rae-Garwood, respondent.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Borrell & Riso, LLP, Staten Island, NY (Jeffrey F. G. Borrell of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Nima B. R., an alleged incapacitated person, Nima B. R. appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Lizette Colon, J.), dated November 1, 2021. The order and judgment, after a hearing, granted the petition.
ORDERED that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a new hearing at which Nima B. R. is afforded an opportunity to be present and a new determination thereafter.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of her adult daughter Nima B. R., an alleged incapacitated person (hereinafter the AIP). At a hearing on the petition, which was conducted virtually due to the COVID-19 pandemic, the AIP was not present. Although the AIP had indicated to her counsel that she intended to appear, she advised her counsel that she was not feeling well and needed an extra hour to get to the courthouse, and subsequently advised her counsel that she did not feel well and would not be attending. The Supreme Court conducted the hearing in the AIP's absence, finding that she had "voluntarily absented herself" and noting that she was represented by counsel, had no burden of proof, and was not required to testify. After the hearing, in an order and judgment dated November 1, 2021, the court granted the petition. The AIP appeals.
Guardianship proceedings, as a drastic intervention in a person's liberty, must adhere to proper procedural standards (see Matter of Gordon [Green], 189 AD3d 408, 409). Mental Hygiene Law § 81.11(c) provides that a hearing to determine whether the appointment of a guardian is necessary for an alleged incapacitated person "must be conducted in the presence of the person alleged to be incapacitated," including at the alleged incapacitated person's place of residence if necessary (see Matter of Banks [Gwendolyn R.], 138 AD3d 519, 520; Matter of Gulizar N.O. [Rudy O.], 111 AD3d 749, 750; Matter of Lillian U., 66 AD3d 1219, 1220; cf. Matter of Rachel Z. [Jack Z.—Anna B.], 181 AD3d 805, 806). "There is an 'overarching value in a court having the opportunity to observe, firsthand, the allegedly incapacitated person'" (Matter of Banks [Gwendolyn [*2]R.], 138 AD3d at 520, quoting Matter of Levy v Davis, 302 AD2d 309, 312). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a new hearing at which the AIP shall be afforded an opportunity to be present and a new determination thereafter. Pending such hearing and determination, the status quo shall remain the same (see Matter of Joseph J.D. [Elizabeth L.D.—Robert B.D.], 229 AD3d 104, 115; Matter of Lillian U., 66 AD3d at 1220).
The AIP's remaining contentions have been rendered academic in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court