■ In the Matter of DOBY L. FLOWERS, Respondent. JAMES DOVE, Appellant. [602 NYS2d 194] —In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator, the appeal is from a judgment of the Supreme Court, Kings County (Leone, J.), dated January 24, 1991, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

Upon the testimony of appellant's caseworker, the consulting psychiatrist, the guardian ad litem, and a co-worker of the appellant, it was determined, upon clear and convincing evidence, that a conservator should be appointed for the property of the appellant. Upon a review of the record, we find that the conservator was properly appointed pursuant to Mental Hygiene Law former § 77.01.

The appellant is the owner of two properties in Brooklyn, New York, but ceased paying real property taxes on one of them in 1981. Thereafter, as a result of his failure to pay these taxes, the property became the subject of an in rem tax proceeding. While we agree that the mere failure to pay one's bills is insufficient evidence that a conservator is necessary, the facts in this case establish, by clear and convincing evidence, a substantial impairment of the appellant's ability to manage his property resulting in waste of his resources and establishes the need for a conservator (see, Matter of Grinker [Rose], 77 NY2d 703).

This case is not merely an example of an eccentricity by a 69-year-old man who has failed to pay his real estate taxes and chooses to wear light clothing in the winter. The appellant is unable to acknowledge the threat of impending foreclosure, and refuses to take steps to prevent the loss of his property or to permit others to take such steps. In addition to being unable to comprehend the facts himself, he vehemently denies the existence of these facts when third parties try to explain them to him or to assist him. The appellant insists that the foreclosure proceedings are a conspiracy against him. The appellant refused to cooperate with his guardian ad litem or the caseworker assigned by the City, and refused to accept the offer of his employer to pay the tax arrears. While the consulting psychiatrist found the appellant ambulatory, oriented, with his memory intact and in no physical distress, she also found that he suffered from the delusion that his property

is untouchable and that he will prevail in any lawsuit whether he pays taxes or not. Therefore the judgment appointing the conservator to protect the appellant's property is affirmed. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.