■ In the Matter of DONALD F. L., Appellant. [619 NYS2d 351] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian of the person and property of an alleged incapacitated person, the appeal is from an order of the Supreme Court, Kings County (Leone, J.), dated Novem-

ber 17, 1993, which found the appellant to be an incapacitated person and appointed a guardian of his person and property.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, we find that there was clear and convincing evidence adduced at the hearing establishing that the appellant was incapacitated within the meaning of the Mental Hygiene Law and that the appointment of a guardian was warranted (see, Mental Hygiene Law § 81.02 [a] [1]; [b], [c]). The 58-year-old appellant, who owns five buildings in prime real estate locations in Brooklyn, allowed his property to become subject to receivership or foreclosure proceedings even after borrowing close to $1,000,000 from his family over the past 10 years, allegedly to help finance his real estate ventures. The appellant himself was found by his nephew and several New York City employees living in one of his otherwise unoccupied buildings, which was filthy and full of garbage. The building had no running water and there were containers of urine and feces in the appellant's apartment. Given the appellant's unsafe and unsanitary living conditions and his inability to manage his property, the court's determination that the appellant is incapacitated and in need of a guardian for his person and property will not be disturbed (see, Matter of Flowers, 197 AD2d 515). Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.