■ In the Matter of Ardelia R., Appellant. New York City Health and Hospital Corporation-Elmhurst Hospital Center, Respondent. Raymond M., Nonparty Appellant; Suanne Linder Chiacchiaro, Nonparty Respondent. [812 NYS2d 140]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Ardelia R., an alleged incapacitated person, Ardelia R. and nonparty Raymond M. appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated June 17, 2004, as, after a hearing, granted the petition, determined that Ardelia R. was an incapacitated person, and appointed Suanne Linder Chiacchiaro as guardian.

Ordered that the appeal by Raymond M. is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order and judgment appealed from (*see* CPLR 5511; *Hayden v Catholic Home Bur.*, 298 AD2d 557 [2002]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from by the appellant Ardelia R., without costs or disbursements.

The appellant Ardelia R. is an 82-year-old woman who was found in her home by Protective Services for Adults without running water, food, electricity, or heat. When she presented to Elmhurst Hospital Center, she was malodorous and frail and, thereafter, she was diagnosed with dementia, hypertension, and coronary artery disease. She was unable to cook, and was known to wander away from her home. She had forgotten where she banked and did not know her sources of income. Although she owned a home and possessed approximately $115,000 in savings, she was delinquent on her utility bills.

Based on these facts, the hearing record established by clear and convincing evidence that Ardelia R. lacked the understanding or appreciation of the nature and consequences of her functional limitations (*see* Mental Hygiene Law § 81.02 [b] [1], [2]). Thus, the Supreme Court's finding that she was an incapacitated person requiring a guardian was proper notwithstanding the lack of medical testimony regarding her medical condition (*see Matter of Rosa B.-S. [William M.B.],* 1 AD3d 355, 356 [2003]; *Matter of Harriet R.,* 224 AD2d 625, 626 [1996]; *cf. Matter of Grinker [Rose],* 77 NY2d 703, 711 [1991]; *Matter of Don-*

*ald F.L.,* 210 AD2d 227, 228 [1994]; *Matter of Flowers [Dove],* 197 AD2d 515 [1993]).

Moreover, the Supreme Court providently exercised its discretion in appointing an independent guardian since the record established that Ardelia R.'s family members were unsuitable (*see* Mental Hygiene Law § 81.19 [a] [1], [d]; *Matter of Joseph V.,* 307 AD2d 469, 471 [2003]). After admission to Elmhurst Hospital Center, Ardelia R. executed a power of attorney in favor of her brother, the appellant Raymond M. The record demonstrates that Raymond M. told Ardelia R. to sign the document without reading it and, thereafter, withdrew funds from her bank accounts and failed to account for a substantial portion of those funds. As there was evidence of undue influence in Raymond M.'s actions to bring about the execution of the power of attorney (*see Matter of Maher,* 207 AD2d 133, 143 n [1994]) and evidence of impropriety in Raymond M.'s management of Ardelia R's property (*see Matter of Nora McL. C. ,* 308 AD2d 445 [2003]; *Matter of Rochester Gen. Hosp. [Levin],* 158 Misc 2d 522, 528 [1993]; *cf. Matter of Maher, supra* at 142-143), he was providently deemed unsuitable to act as guardian. Ardelia R.'s other two relatives were likewise unsuitable or unwilling to act as guardian. Accordingly, the Supreme Court properly appointed an independent guardian. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.