■ In the Matter of AUDREY D., Appellant. VERNA EGGLESTON, as Commissioner of Social Services of the City of New York, Respondent. [853 NYS2d 143]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Audrey D., an alleged incapacitated person, Audrey D. appeals, as limited by her brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lewis, J.), dated October 11, 2006, as, after a hearing, appointed Selfhelp Community Services, Inc., as her guardian, and (2) so much of an amended order and judgment (one paper) of the same court dated November 9, 2006, as appointed Selfhelp Community Services, Inc., as her guardian.

Ordered that the appeal from the order and judgment dated October 11, 2006, is dismissed, without costs or disbursements, as that order and judgment was superseded by the amended order and judgment dated November 9, 2006; and it is further,

Ordered that the amended order and judgment dated November 9, 2006 is affirmed insofar as appealed from, without costs or disbursements.

At a hearing held pursuant to Mental Hygiene Law § 81.11 to determine whether Audrey D. was incapacitated and required a guardian, Audrey D. requested the court to appoint her father as guardian. Evidence adduced at the hearing established that

Audrey D. was facing eviction from her apartment for nonpayment of rent and that financial inability and health problems rendered her incapable of searching for adequate housing. Her father testified that he wished to serve as guardian but conceded that he had no plan for finding, and did not know how to acquire, adequate housing for Audrey D. in light of her limited resources. A representative of Selfhelp Community Services, Inc. (hereinafter SCSI), testified regarding Audrey D.'s housing options and the services his agency could offer to help her obtain suitable housing. At the conclusion of the hearing, the Supreme Court determined that Audrey D. was an incapacitated person and appointed SCSI as the guardian of her personal needs and property management. On appeal, Audrey D. contests the appointment of SCSI instead of her father.

In selecting a guardian for an incapacitated person, the primary concern is the best interests of the incapacitated person (*see Matter of Von Bulow,* 63 NY2d 221, 224 [1984]; *Matter of Rudick,* 278 AD2d 328, 329 [2000]). Where the incapacitated person orally nominates a guardian during the hearing, the nominee must be appointed "unless the court determines for good cause that such appointment is not appropriate" (Mental Hygiene Law § 81.19 [c]). While appointment of a family member is preferable, it is well within the Supreme Court's discretion to appoint an outsider upon a determination that the available family member is, in some way, not suitable (*see Matter of Ardelia R.,* 28 AD3d 485, 487 [2006]; *Matter of Joseph V.,* 307 AD2d 469, 471 [2003]; Mental Hygiene Law § 81.19 [a] [1]; [c], [d]; *cf. Matter of Nellie G.,* 38 AD3d 547, 549 [2007]).

In this case, the Supreme Court properly considered all relevant factors, including the powers which the guardian was to exercise, the experience relevant to the nature of the services sought to be provided, and the unique requirements of the incapacitated person, and properly determined that, under the circumstances, appointment of the father would not be appropriate or in the best interests of Audrey D. (*see* Mental Hygiene Law § 81.19 [c], [d]). Accordingly, the Supreme Court providently exercised its discretion in appointing SCSI as the guardian. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.