■ In the Matter of BEATRICE R.H., Respondent. DEAN E.H., Appellant; PENNY F.H., Nonparty Respondent. [16 NYS3d 474]—In a proceeding pursuant to Mental Hygiene Law article

81 to appoint a guardian of the person and property of Beatrice R.H., an alleged incapacitated person, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Iannacci, J.), dated July 17, 2014, as, after a hearing, appointed an independent guardian to manage Beatrice R.H.'s person and property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in appointing an independent guardian (*see* Mental Hygiene Law § 81.19 [a] [1]; [d]). "In selecting a guardian for an incapacitated person, the primary concern is the best interests of the incapacitated person" (*Matter of Audrey D.*, 48 AD3d 806, 807 [2008]; *see Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *Matter of Rudick*, 278 AD2d 328, 329 [2000]). "While appointment of a family member is preferable, it is well within the Supreme Court's discretion to appoint an outsider upon a determination that the available family member is, in some way, not suitable" (*Matter of Audrey D.*, 48 AD3d at 807; *see Matter of Ardelia R.*, 28 AD3d 485, 487 [2006]; *Matter of Joseph V.*, 307 AD2d 469, 471 [2003]). Here, a strong disagreement exists between Beatrice R.H.'s daughter and the petitioner, who is Beatrice R.H.'s son. The Supreme Court considered all of the relevant factors, including the existence of this hostile relationship, and properly determined that, under the circumstances, the appointment of the petitioner as the guardian of the person and property of Beatrice R.H. would not be in Beatrice R.H.'s best interests (*see Matter of Ollie D.*, 30 AD3d 599, 600 [2006]).

The petitioner's remaining contentions are without merit. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.