■ In the Matter of KEVIN M., Appellant. SOUTH BEACH PSYCHIATRIC CENTER, Respondent. [26 NYS3d 84]—

In a proceeding pursuant to Mental Hygiene Law § 9.31 to release the petitioner from a mental health care facility where he was being involuntarily confined and treated, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Marrazzo, Jr., J.), dated November 6, 2014, as, after a hearing and upon denying the petition, permanently enjoined and restrained the petitioner from, inter alia, contacting or visiting the home or place of work of Robyn Fenty, also known as Rihanna, pursuant to an order of protection issued by the same court dated November 6, 2014.

Ordered that the order and judgment is reversed insofar as appealed from, without costs or disbursements, and the order of protection is vacated.

The petitioner, after having been arrested for stalking recording artist Robyn Fenty, also known as Rihanna, and later found mentally unfit to be criminally tried, was involuntarily transferred to the South Beach Psychiatric Center (hereinafter the center). At the request of Mental Hygiene Legal Service (hereinafter MHLS), a retention hearing was held pursuant to Mental Hygiene Law § 9.31 (a), on the question of the petitioner's need for involuntary care and treatment, after which the Supreme Court denied the petitioner's request to be released. The court also issued an order of protection barring the petitioner, inter alia, from contacting Rihanna while confined at the center, even though MHLS and the Attorney General for the State of New York agreed that the Supreme Court was without authority to do so in the limited context of the subject Mental Hygiene Law § 9.31 proceeding.

In this statutory proceeding commenced pursuant to Mental Hygiene Law § 9.31, the Supreme Court did not have the power to impose the subject order of protection as part of its retention order. The remedies available to the Supreme Court under Mental Hygiene Law § 9.31 are limited to either release or retention of the petitioner (see Mental Hygiene Law § 9.31 [c]; *Matter of Chenier v Richard W.*, 82 NY2d 830, 832 [1993]). Accordingly, the order of protection must be vacated.

However, we note that "[t]he policy of laws is a matter for the Legislature" (McKinney's Cons Laws of NY, Book 1, Statutes § 73, Comment at 153 [1971 ed]). "[T]he judicial function is to interpret, declare, and enforce the law, not to make it, and it is not for the courts to correct supposed errors, omissions or defects in legislation" (*id*. at 147-148). Consistent therewith, this Court "will follow and not ignore" these "beacons of guidance" (*Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 28 [2008]). We are concerned by the omission of authority to issue an order of protection in the specific context of a proceeding pursuant to Mental Hygiene Law § 9.31. Accordingly, we urge the Legislature to consider whether it should enact an amendment to Mental Hygiene Law § 9.31 authorizing a court, under necessary and appropriate circumstances consistent with public safety, the welfare of the community, and the rights of all involved, to issue an order of protection or the equivalent thereof (*cf.* CPL 330.20 [1] [o]). Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.