Chapa Products Corp., as Assignee of Emmanuel Vidal, Appellant, 
against
MVAIC, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Marshall & Marshall, PLLC (Jeffrey Kadushin and Frank D'Esposito of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered March 27, 2017. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary dismissing the complaint with prejudice.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint with prejudice is denied and, upon searching the record, the complaint is dismissed without prejudice; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, pursuant to changes to the no-fault regulations applicable to services rendered after April 1, 2013, defendant had properly denied the claims at issue based upon plaintiff's failure to provide requested verification within 120 days after the initial verification request (see 11 NYCRR 65-3.8 [b] [3]; 65-3.5 [o]) or, in the alternative, that it had properly denied the claims based upon plaintiff's failure to appear for an examination under oath (EUO). The Civil Court denied plaintiff's motion and granted defendant's cross motion on the [*2]first ground.
On appeal, plaintiff argues, among other things, that the defense that plaintiff failed to provide additional verification within 120 days is without merit because defendant did not demonstrate that it had denied the claims on that ground within 30 days after the expiration of the 120-day period, and that, in any event, plaintiff demonstrated that it had timely responded to the verification requests.
Plaintiff's argument that defendant's denials were untimely is raised for the first time on appeal. However, since this is a legal argument that appears on the face of the record and could not have been avoided had it been raised in the Civil Court, it may be considered by this court (see Navillus Tile, Inc. v George A. Fuller Co., Inc., 83 AD3d 919, 920 [2011]; Parry v Murphy, 79 AD3d 713, 715 [2010]; Olim Realty v Lanaj Home Furnishings, 65 AD3d 1318, 1320 [2009]; Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1996]). This issue in particular warrants appellate review because, to borrow principles applicable to the mootness doctrine, there is a likelihood of repetition, it has thus far evaded review, and it is a substantial no-fault issue (cf. Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980] [regarding exceptions to the mootness doctrine]). 
The current version of the no-fault regulations provides that an insurer "may" issue a denial based upon an applicant's failure to provide requested verification within 120 calendar days after the initial request (11 NYCRR 65-3.8 [b] [3]).[FN1]
 However, the regulations do not specify a time frame for issuing such a denial. As a general rule, "[n]o-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim" (11 NYCRR 65-3.8 [a] [1]). Defendant implicitly argues that, in the absence of a required time frame, an insurer should be allowed to issue such a denial at any time after the 120-day period has passed. We disagree.

The Appellate Division, Second Department, has applied the 30-day time period in which to pay or deny a claim in an analogous situation where there is no time frame specified in the no-fault regulations in which an insurer must pay or deny a claim—the defense that an applicant failed to appear for an EUO or an independent medical examination (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). In that case, the 30 days to pay or deny the claim begins to run on the date of the second failure to appear—the date that the insurer is permitted to conclude that there was a failure to comply with a condition precedent to coverage (see e.g. Veraso Med. Supply Corp. v 21st Century Ins. Co., 61 Misc 3d 146[A], 2018 NY Slip Op 51696[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). We apply a similar logic here, and hold that the deadline to issue a denial based upon the ground that an applicant failed to provide complete verification (see 11 NYCRR 65-3.5 [o]; 65-3.8 [b] [3]) is 150 days after the [*3]initial request for verification—or 30 days after the insurer is permitted to conclude that there was a failure to fully comply with a verification request, i.e., the date on which the 120-day period ends.

In this case, the record reflects that defendant mailed its denial of claim forms 208 days after the initial verification requests had been mailed out. Consequently, plaintiff correctly argues that defendant did not preserve the precludable, complete defense that plaintiff had not provided all of the requested verification within 120 days after the initial verification request (see 11 NYCRR 65-3.5 [o]; 65-3.8 [a] [1]; [b] [3]; see generally Presbyterian Hosp. in City of NY v Maryland Cas. Co., 90 NY2d 274 [1997]), and, thus, that the Civil Court should not have granted defendant's cross motion for summary judgment dismissing the complaint with prejudice on that ground. 

However, we agree with the Civil Court's determination that the documentation plaintiff provided in response to defendant's verification requests is "not in compliance with the request" (see New Way Med. Supply Corp. v State Farm Mut. Auto Ins. Co., 56 Misc 3d 132[A], 2017 NY Slip Op 50925[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Historically, an insurer has not been required to pay or deny claims upon receipt of a "partial response" to a verification request (see St. Vincent's Hosp. of Richmond v American Tr. Ins. Co., 299 AD2d 338, 340 [2002] ["(a)n insurer is not obligated to pay or deny a claim until it has received verification of all relevant information requested"]; see also Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.,24 AD3d 492, 493 [2005]; Compas Med., P.C. v Travelers Ins. Co., 53 Misc 3d 136[A], 2016 NY Slip Op 51441[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). The current version of 11 NYCRR 65-3.8 (b) (3) also does not obligate an insurer to pay or deny a claim prior to its receipt of all requested verification—it merely provides that an insurer "may" issue a denial. Previously, when a request for verification had not been fully complied with prior to the commencement of a no-fault action, the action was dismissed as premature (see Proscan Imaging, P.C. v Travelers Indem. Co., 28 Misc 3d 127[A], 2010 NY Slip Op 51176[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Vista Surgical Supplies, Inc. v General Assur. Co., 12 Misc 3d 129[A], 2006 NY Slip Op 51034[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), and we see no reason to deviate from that rule now.

In light of the foregoing, we hold that a denial of claim form issued following the expiration of the 150-day period after the issuance of the initial request for verification is a nullity with respect to that defense. Therefore, we find that the untimely denials issued in this case offer no basis to dismiss the complaint with prejudice. Rather, upon searching the record, we conclude that the action should be dismissed as premature, i.e., without prejudice, which is the same position the parties would have been in before 11 NYCRR 65-3.8 (b) (3) was amended to permit a denial on the ground that verification was not provided. 

Finally, we note that, contrary to defendant's argument, plaintiff's failure to appear for EUOs does not provide an alternative basis for affirming the dismissal of the complaint with prejudice, as, based on the proof submitted, defendant's EUO requests were nullities with respect [*4]to the claims at issue (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).

Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint with prejudice is denied and, upon searching the record, the complaint is dismissed without prejudice.

PESCE, P.J. and SIEGAL, J., concur.

WESTON, J., concurs in part and dissents in part and votes to affirm the Civil Court's order in the following memorandum:

By imposing a 150-day time limit on when an insurer must deny a claim based upon a plaintiff's failure to provide requested verification, the majority's decision effectively recognizes a new rule where none exists, ignoring longstanding principles of statutory construction and jurisprudence. Among them is the principle—grounded in the doctrine of separation of powers—that a court's role is to interpret statutes and regulations based on their plain meaning and to consider only the arguments and record before it (see Riley v County of Broome, 95 NY2d 455, 463 [2000]; Matter of Kevin M., 136 AD3d 826 [2016]. " '[I]t is not for the courts to correct supposed errors, omissions or defects in legislation' " (Matter of Kevin M., 136 AD3d at 827, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 73, Comment at 147-148 [1971 ed.]; see Bright Homes, Inc. v Wright, 8 NY2d 157 [1960]). Yet, today's decision does precisely that—it imposes a time restriction that has no basis in either the no-fault regulations or the record. Accordingly, I am compelled to comment on the modification and what the true and practical effect of changing the order below from "with prejudice" to "without prejudice" means. While such a change may appear to be insignificant, its impact cannot be overlooked.

At the outset, it must be emphasized that this issue, raised for the first time on appeal, is not properly before this court. Although defendant's denial clearly states that it is based, in part, on plaintiff's failure to respond to its initial verification request, plaintiff failed to challenge the denial on this basis in the Civil Court. Instead, plaintiff chose to argue that the denial issued by defendant based upon plaintiff's failure to appear at the examination under oath was untimely. Plaintiff had ample opportunity to object to defendant's denial on the ground now asserted on appeal. Moreover, the argument raised here is not " 'one which could not have been countered by the [defendant] had it been raised in the trial court' " (Smith v Smith, 116 AD2d 810, 812 [1986], quoting Sega v State of New York, 60 NY2d 183, 190, n 2 [1983]). Accordingly, plaintiff's argument is not properly before this court and I would decline to review it in the interest of justice. Nevertheless, the majority chooses to review the issue and, in doing so, has effectively rewritten the no-fault regulations.

It is a fundamental principle of regulatory and statutory construction that where the [*5]wording of a statute or regulation is "clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words used" (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982]; see Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC,___ NY3d ___, 2019 NY Slip Op 04641 [2019]). " 'Absent ambiguity the courts may not resort to rules of construction to [alter] the scope and application of a statute' because no such rule 'gives the court discretion to declare the intent of the law when the words are unequivocal' " (Kuzmich v 50 Murray St. Acquisition LLC, __ NY3d ___, 2019 NY Slip Op 05057, *2 [2019], quoting Bender v Jamaica Hosp., 40 NY2d 560, 562 [1976]). 

Here, the wording of the relevant portion of section 65-3.8 (b) (3) of the no-fault regulations could not be clearer:

"[A]n insurer shall not issue a denial of claim form . . . prior to its receipt of verification of all of the relevant information requested pursuant to sections 65-3.5 and 65-3.6 of this Subpart . . . . However, an insurer may issue a denial if, more than 120 calendar days after the initial request for verification, the applicant has not submitted all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply, provided that the verification request so advised the applicant as required in section 65-3.5(o) of this Subpart."

Contrary to the majority's opinion, nothing in the regulation's language requires an insurer to issue a denial within 30 days after the 120-day period following an initial request for verification has expired. To read such a requirement into the regulation is to disregard the plain terms of the regulation in favor of improper judicial legislation (see Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995] ["a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (internal quotation marks omitted)]; Matter of City of New York, 275 App Div 948 [1949] [reading a time limitation into a statute where none exists is tantamount to improper judicial legislation], affd 300 NY 600 [1949]). The regulation unequivocally provides that an insurer "shall not" issue a denial before receipt of complete verification from the applicant. To temper this mandate, the regulation was revised in 2013 to allow an insurer to issue a denial, even if verification is not complete, as long as more than 120 days have elapsed since the initial request for verification. By providing that an insurer "may" issue a denial in these circumstances, the regulation clearly intends for the denial to be permissive, not mandatory. 

Despite this permissive language, the majority has made it mandatory for a provider to deny a claim within 30 days after the 120-day period. Conspicuously absent from the regulatory language is any reference to a time frame as to when the denial has to be issued. In other parts of the amended regulations, time frames were included as part of the amendment. Had the Department of Financial Services intended to impose a 150-day time limit on when an insurer must deny a claim for failure to provide the requested verification, it would have included such language in the regulations (see Patrolmen's Benevolent Assn. of City of NY v City of New York, 41 NY2d 205 [1976]). The fact that it did not is a clear indicator that the insurer's obligations are [*6]consistent with what is written, and I decline to insert a directive requiring otherwise (see Matter of Chemical Specialities Mfrs. Assn., 85 NY2d at 394 ["a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (internal quotation marks omitted)]). 

It is not the judiciary's role to amend regulations to achieve a particular result. The fact that an insurer is not obligated to issue a denial after the 120 days have passed should not be our focus. Our role is to apply statutes and regulations as written, and if a situation arises where clarification is required, courts have not been shy about recommending legislative/regulatory changes to those statutes and regulations (see e.g. Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]). 

Accordingly, I would affirm the Civil Court's order, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint with prejudice.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 01, 2019



Footnotes

Footnote 1:It is noted that an insurer may do so only if the verification request "so advised the applicant" (11 NYCRR 65-3.8 [b] [3]).