Matter of Kristine F. (2022 NY Slip Op 03723)

Matter of Kristine F.

2022 NY Slip Op 03723

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-05069
 (Index No. 8255/04)

[*1]In the Matter of Kristine F. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, Timothy M. Riselvato, and Jennifer Degroot of counsel), for appellant.
Gina-Marie LoBraico-Reitano, Staten Island, NY, for respondents Thomas F. and Lorraine F.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Kristine F. appeals from stated portions of an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated September 10, 2020. The order, insofar as appealed from, without a hearing, granted those branches of the motion of Thomas F. and Lorraine F. which were to appoint Gina-Marie LoBraico-Reitano as the substitute successor guardian of the person of Kristine F., an incapacitated person, and for the issuance of an order of protection against Kristine F. in favor of nonparty David L. Cassato.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and those branches of the motion of Thomas F. and Lorraine F. which were to appoint Gina-Marie LoBraico-Reitano as the substitute successor guardian of the person of Kristine F., an incapacitated person, and for the issuance of an order of protection against Kristine F. in favor of nonparty David L. Cassato are denied, and the matter is remitted to the Supreme Court, Richmond County, for the appointment of a successor guardian of the person of Kristine F.
The Supreme Court improvidently exercised its discretion in granting that branch of the motion of Thomas F. and Lorraine F. which was to appoint Gina-Marie LoBraico-Reitano as the substitute successor guardian of the person of Kristine F. "'In selecting a guardian for an incapacitated person, the primary concern is the best interests of the incapacitated person'" (Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d 1058, 1059, quoting Matter of Audrey D., 48 AD3d 806, 807). Here, upon consideration of all of the relevant factors, including "any conflicts of interest between the person proposed as guardian and the incapacitated person" (Mental Hygiene Law § 81.19[d][8]), the evidence supports a finding that LoBraico-Reitano is not an appropriate person for appointment as the substitute successor guardian of the person of Kristine F. (see id. § 81.19[3][b]). Accordingly, we remit the matter to the Supreme Court, Richmond County, for the appointment of a suitable successor guardian of the person of Kristine F. (see id. § 81.19).
The Supreme Court further erred in granting that branch of the motion of Thomas F. and Lorraine F. which was for the issuance of an order of protection against Kristine F. in favor of nonparty David L. Cassato. Contrary to the contention of Thomas F. and Lorraine F., Mental Hygiene Law § 81.22(a)(2) does not provide the Supreme Court with the power to issue an order of [*2]protection against the incapacitated person (see generally Matter of Kevin M., 136 AD3d 826, 826).
Kristine F.'s remaining contention is not properly before this Court.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court