Matter of Leonard W. F. (2025 NY Slip Op 04476)

Matter of Leonard W. F.

2025 NY Slip Op 04476

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08451
 (Index No. 850031/21)

[*1]In the Matter of Leonard W. F. (Anonymous). Sandra H. Lercari, appellant; Todd Giordano, respondent.

Blodnick, Fazio & Clark, Garden City, NY (Thomas R. Fazio of counsel), for appellant.
Goetz Fitzpatrick LLP, New York, NY (Alison Arden Besunder and Scott D. Simon of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Leonard W. F., an alleged incapacitated person, Sandra H. Lercari appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered October 13, 2021. The order and judgment, insofar as appealed from, after a hearing, granted an amended cross-petition to appoint Todd Giordano the guardian of the person and property of Leonard W. F., appointed Todd Giordano the guardian of the person and property of Leonard W. F., and, in effect, denied an amended petition to appoint Sandra H. Lercari the guardian of the person and property of Leonard W. F.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In February 2021, Sandra H. Lercari commenced this proceeding pursuant to Mental Hygiene Law article 81 to be appointed the guardian of the person and property of her long-time partner, Leonard W. F., an alleged incapacitated person (hereinafter the AIP). Subsequently, Lercari filed an amended petition pursuant to Mental Hygiene Law article 81 to be appointed the guardian of the person and property of the AIP. The AIP's sister, Marion Giordano (hereinafter Marion), cross-petitioned to be appointed the guardian of the person and property of the AIP and to have her son, Todd Giordano (hereinafter Todd), be appointed a standby guardian. During a hearing, the Supreme Court granted an oral application by Marion and Todd for leave to amend the cross-petition so as to seek appointment of Todd as the guardian of the person and property of the AIP. After the hearing, in an order and judgment entered October 13, 2021, the court, inter alia, granted the amended cross-petition, appointed Todd the guardian of the person and property of the AIP, and, in effect, denied the amended petition. Lercari appeals.
"In selecting a guardian for an incapacitated person, the primary concern is the best interests of the incapacitated person" (Matter of Audrey D., 48 AD3d 806, 807; see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d 1058, 1059). "While appointment of a family member is preferable, it is well within the Supreme Court's discretion to appoint an outsider upon [*2]a determination that the available family member is, in some way, not suitable" (Matter of Audrey D., 48 AD3d at 807; see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d at 1059).
Here, the evidence adduced at the hearing established that Todd was suitable to be appointed guardian of the person and property of the AIP (see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d at 1059; Matter of Audrey D., 48 AD3d at 807) given his intent to comply with the medical recommendation that the AIP be placed at a skilled nursing facility and his research into potential permanent facilities and ways to finance the AIP's care. Moreover, the testimony elicited at the hearing, specifically regarding alleged financial mismanagement and issues between Lercari and the AIP's family, raised concerns about Lercari's suitability to be the AIP's guardian. Accordingly, the Supreme Court providently exercised its discretion in granting the amended cross-petition, appointing Todd the guardian of the person and property of the AIP, and, in effect, denying the amended petition (see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d at 1059; Matter of Joshua H., 62 AD3d 795, 797).
The petitioner's remaining contentions are either unpreserved for appellate review or without merit.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court